# EXHIBIT A

Envelope: UPS_LETTER_CENTER
WINDOW
Total Pages: 27
SafetySeal(101761)



1.0 LBS LTR       1 OF 1

TERRI THONGSAVAT
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

**SHIP TO:**
LUANN  FLAVIN
2149323601
EISENMANN CORPORATION
150 EAST DARTMOOR DRIVE
**CRYSTAL LAKE IL  60014**

 **IL 602 9-01**



**UPS NEXT DAY AIR**            **1**
TRACKING #: 1Z X21 278 01 1383 9976



BILLING: P/P

Reference No.1: SOP/2401130/540380637/CT SOP Custo ™

XOL 21.09.12        NV45 41.0A 10/2021*

1798180        23        Origin: Wolters Kluwer UPS 562130

# CT Packing Slip

**CT Corporation**

**UPS Tracking # :** 1ZX212780113839976
**Created By :** Emma Martinez
**Created On :** 10/07/2021 06:50 PM

**Recipient :**

**Luann Flavin**

Title : --
Customer : Eisenmann Corporation
Address : 150 EAST DARTMOOR DRIVE
Email : -
Phone : - Fax : -- --

**Package Type :** Envelope
**Items shipped :** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 540380637 | HG21107450 | EISENMANN CORPORATION |

 CT Corporation

**Service of Process Transmittal**
10/07/2021
CT Log Number 540380637

TO: Luann Flavin
Eisenmann Corporation
150 EAST DARTMOOR DRIVE
CRYSTAL LAKE, IL 60014-

RE: **Process Served in Delaware**

FOR: EISENMANN CORPORATION  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Stjepan Novoselac, Grega Povh, Davor Hudin, and Marijan Lazar // To: EISENMANN CORPORATION |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # HG21107450 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/07/2021 at 11:29 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780113839976 |
| **REGISTERED AGENT ADDRESS:** | The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                     Thu, Oct 7, 2021

**Server Name:**              Kevin Dunn


Entity Served                 EISENMANN CORPORATION

Case Number                   HG21107450

Jurisdiction                  DE





SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
ENDORSED
FILED
ALAMEDA COUNTY

AUG 03 2021

CLERK OF THE SUPERIOR COURT
Esther Coleman

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ISM Vuzem d.o.o., HRID-MONT d.o.o., Ivan Vuzem, Robert Vuzem, Eisenmann Corporation.
Tesla, Inc., and Does 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Stjepan Novoselac, Grega Povh, Davor Hudin, and Marijan Lazar

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda County Superior Court<br>24405 Amador Street, Hayward, CA 94544 | CASE NUMBER: *(Número del Caso):*<br>HG21107450 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Law Offices of William C. Dresser 4 North Second Street, Suite 1230 San Jose, California 95113

| DATE:<br>*(Fecha)* AUG 03 2021 Chad Finke | Clerk, by<br>*(Secretario)* Esther Coleman | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify):* **EISENMANN CORPORATION**

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date)* 10/7/2021

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1 2009]

**SUMMONS**

Code of Civil Procedure §§ 412 20, 465
www.courts.ca.gov

ENDORSED
FILED
ALAMEDA COUNTY

AUG 03 2021

CLERK OF THE SUPERIOR COURT

Esther Coleman

1   William C. Dresser, 104375
    Law Offices of William C. Dresser
2   4 North Second Street, Suite 1230
    San Jose, California 95113
3   Tel:  408/279-7529
    Fax:  408/298-3306
4

5   Attorneys for Plaintiffs

6

7              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                     IN AND FOR THE COUNTY OF ALAMEDA

9

10   Stjepan Novoselac, Grega Povh, Davor      )   Action No.  HG21107450
     Hudin, and Marijan Lazar,                 )
11                                             )   Complaint for damages and declaratory
                        Plaintiffs,            )   and injunctive relief
12                                             )
     vs.                                       )
13                                             )
     ISM Vuzem d.o.o., HRID-MONT d.o.o.,       )
14   Ivan Vuzem, Robert Vuzem, Eisenmann       )
     Corporation, Tesla, Inc., and Does 1      )
15   through 50, inclusive,                    )
16                                             )
                        Defendants.            )
17

18

19

20        Comes now Plaintiffs Stjepan Novoselac, Grega Povh, Davor Hudin, and Marijan

21   Lazar and allege:

22        1.    Plaintiffs and each of them are, and at all times mentioned herein have

23   been, residents of Bosnia and Herzogovenia, aka Bosna i Herzogovena, the Republic of

24

25   Slovenia, aka Slovenije, or Croatia, aka Hrvataska.

26        2.    Plaintiffs are informed and believe and thereon allege that defendant ISM

27   Vuzem d.o.o., aka ISM VUZEM inženiring, storitve, montaža d.o.o., is a Slovenian

28

---

Novoselec v ISM Vuzem, d.o.o.; Alameda County Superior Court action
Complaint

1

business entity with its principal place of business at Goricak 4, 2283 Zavrc, Slovenija.

3.      Plaintiffs are informed and believe and thereon allege that Robert Vuzem is a resident of Slovenia.  Plaintiffs are informed and believe and thereon allege that all actions taken by ISM Vuzem, d.o.o. were made under the direction of or consent of Robert Vuzem as a former Direktor, and currently Head of Installation, of ISM Vuzem, d.o.o. Robert Vuzem also acted in an individual capacity with respect to his direct actions, and in his directions to others to act, as alleged in this Complaint.

4.      Plaintiffs are informed and believe and thereon allege that Ivan Vuzem is a resident of Slovenia.  Plaintiffs are informed and believe and thereon allege that all actions taken by ISM Vuzem, d.o.o. were made under the direction of or consent of Ivan Vuzem as a Direktor of ISM Vuzem, d.o.o.  Ivan Vuzem also acted in an individual capacity with respect to his direct actions, and in his directions to others to act, as alleged in this Complaint.

5.      Plaintiffs are informed and believe and thereon allege that ISM Vuzem USA, Inc. is a business entity holding itself out to be a South Carolina corporation with its last principal place of business at 1600 Azalea Hill Drive, Unit 304 Greenville, SC 29607.  Plaintiffs are informed and believe and thereon allege that ISM Vuzem USA, Inc. at all relevant times on or before June of 2015 purported to be a wholly owned domestic subsidiary of ISM Vuzem, d.o.o.  Plaintiffs are informed and believe and thereon allege that ISM Vuzem USA Inc. was at various times during the actions alleged herein dissolved involuntarily for failure to comply with requirements for corporations under South Carolina law.

6.      Plaintiffs are informed and believe and thereon allege that Vuzem USA,

Inc. is a business entity of unknown type holding itself out to be a California corporation with its last principal place of business at 965 West 11th St. #2, San Pedro, CA 90731. Plaintiffs are informed and believe and thereon allege that Vuzem USA Inc. at all relevant times mentioned herein purported to be a wholly owned domestic subsidiary of ISM Vuzem, d.o.o. Plaintiffs are informed and believe and thereon allege that Vuzem USA, Inc. was set up to be fictitiously represented to be an exclusive service and materials supplier in South Carolina and other states for ISM Vuzem, d.o.o.  Plaintiffs are informed and believe and thereon allege that Vuzem USA, Inc. was also set up to be fictitiously represented to be the exclusive service and materials supplier in California for ISM Vuzem, d.o.o.

7.      Plaintiffs are informed and believe and thereon allege that Defendant HRID-MONT d.o.o. is a Slovenian corporation, formed in September of 2016 to be owned in the name of Helena Ogrizek, the wife of Robert Vuzem, with the same principal place of business as ISM Vuzem, d.o.o., to wit, Goricak 4, 2283 Zavrc, Slovenija, performing business activities including employment activities in connection with construction projects which ISM Vuzem, d.o.o. contracted to provide services for, either in its name, or under the names of purported entities ISM Vuzem USA, Inc. or Vuzem USA, Inc.

8.      Plaintiffs are informed and believe and thereon allege that Ivan Vuzem and Robert Vuzem were and are the owners of Defendant ISM Vuzem d.o.o. and of purported entities ISM Vuzem USA, Inc. and of Vuzem USA, Inc. and were and are indirectly owners of HRID-Mont, d.o.o. with ownership purportedly in the name of Helena Ogrizek, who is the wife of Robert Vuzem.

---

9.      Plaintiffs are informed and believe and thereon allege that between Ivan Vuzem and Robert Vuzem and each of ISM Vuzem d.o.o., purported entity ISM Vuzem USA, Inc., purported entity Vuzem USA, Inc., and HRID-MONT d.o.o. there is such a unity of interest and ownership between the entities and their equitable owners that the separate personalities of the entities and the owners do not in reality exist.  Further, an inequitable result will be reached for the wrongful acts alleged herein if they are treated as those of the entities alone.  Plaintiffs are informed and believe and thereon allege that each of Ivan Vuzem, Robert Vuzem, ISM Vuzem d.o.o., purported entity ISM Vuzem USA, Inc., purported entity Vuzem USA, Inc., and HRID- Mont, d.o.o. have commingled funds and other assets, each of the entities has held itself out to be liable for the debts of the others, there is identical equitable ownership in all of the entities, the entities use the same offices and employees, and the individuals and entities each use each other as mere shells or conduits for the affairs of each other.  Further, purported entities ISM Vuzem USA, Inc. and Vuzem USA, Inc. were inadequately capitalized, each entity has been without necessary insurance to cover liabilities of each, there has been a disregard of corporate formalities, there has been a lack of segregation of corporate records, there has been a lack of segregation of corporate contracts and agreements, and they have identical directors and officers.  Adherence to the fiction of the separate existence of Defendants ISM Vuzem d.o.o., purported entity ISM Vuzem USA, Inc., purported entity Vuzem USA, Inc., and HRID-Mont, d.o.o. as entities distinct from Defendants Robert Vuzem and Ivan Vuzem (hereinafter "Vuzems", and with Vuzem entities collectively "Vuzem persons") and other entities they control would permit an abuse of the corporate privilege, sanction fraud, and promote injustice.

10.     Defendant Tesla, Inc. is and at all times mentioned herein was a Delaware corporation with its principal place of business at 3500 Deer Creek Road, Palo, Alto, California.

11.     Defendant Eisenmann Corporation, also known as Eisenmann Corporation USA, holds itself out to be a Delaware corporation with its principal place of business at 150 E Dartmoor Drive, Crystal Lake, IL 60014.

12.     The true names and capacities of Does 5 through 50 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff prays leave to amend this Complaint to show the true names and capacities of said Does when the same have been ascertained.

13.     Plaintiff is informed and believes, and so allege, that each of said Does are responsible for Plaintiff's damages as hereinafter alleged and described.

14.     Plaintiffs are informed and believe, and so alleges, that Defendants, and each of them, were at all times herein mentioned, and now are, the agents, servants, employees, and representatives of their co-defendants, were acting within the scope, purpose, and authority of such agency, service, employment, and representation, made such actions - and withheld from taking actions - with the permission, knowledge, and consent of their co-defendants.

15.     Defendants and each of them are individuals and entities who physically appeared at the Tesla site in Fremont, California.  This includes Robert Vuzem and Ivan Vuzem who are owners and officers including Direktor of ISM Vuzem, d.o.o., Branko Tomas who is an officer and registered of purported entities ISM Vuzem USA, Inc. and of Vuzem USA, Inc., supervisors of ISM Vuzem, d.o.o. including Davorin Hull, Primoz

Planovsek, and Krunoslav Premusic, supervisors and management of Eisenmann Corporation, and supervisors and management of Tesla, Inc.

16.     Defendants ISM Vuzem, d.o.o. and Eisenmann Corporation signed and entered into contracts in California, with Tesla, Inc. which is a Palo Alto, California based company, for performance in Fremont, California.  For example, one purchase order identities a signatory of purported South Carolina corporation ISM Vuzem USA, Inc. which did no active business as a separate entity Signatories on the Minutes of Meeting included persons for purported entity ISM Vuzem USA, Inc., for Tesla, Inc., and for Eisenmann Corporation.  The contact person is Branko Tomas. The work itself was performed by individuals who were employees of ISM Vuzem, d.o.o., and later of HRID-Mont, d.o.o.  Plaintiffs are informed and believe that the Vuzem entity which was paid was ISM Vuzem, d.o.o.  The Vuzems and Eisenmann Corporation earned millions of dollars from the contracts.

17.     Plaintiffs and each of them provided labor services both within the United States and in Alameda County in the State of California.  These occurred for months in a row, over several years.  The labor services at Tesla's Fremont, California site were provided between November of 2014 and June of 2016.

18.     Defendants including Citizens of the States of Delaware, and Illinois conducted business in Alameda County in the State of California in this judicial district.

19.     The business contacts of defendants and each of them were continuous and systematic.

20.     The business activity and contacts of defendants and each of them were significant and related to the claims stated in this complaint for this court to also

exercise specific jurisdiction over defendants and each of them.

21.    At all times relevant to this Complaint, Defendants regularly conducted substantial business, maintained employees, and/or made significant sales in this District.  In addition, statutory violations and wrongful actions as alleged in this Complaint, occurred in Alameda County in the State of California.

22.    All wage claims by all Plaintiffs, and by all employees of ISM Vuzem, d.o.o., and of any other purported entity controlled by ISM Vuzem, d.o.o., were tolled as against Defendants, and each of them, during the pendency of Superior Court action HG15773484 entitled "Gregor Lesnik v ISM Vuzem USA, Inc., et al" from not less than September 25, 2015 through July 18, 2016.  They were further tolled during the pendency of United States District Court for the Northern District of California action 5:16-cv-01120 entitled "United States of America ex rel Gregor Lesnik, et al v Eisenmann, SE, et al through August 25, 2020 and of not less than 30 days thereafter.

23.    Defendants Robert Vuzem and Ivan Vuzem, individually and on behalf of ISM Vuzem, d.o.o., acknowledged repeatedly in writing, by letters, e-mails and proposed releases, their debts to Plaintiffs, and each of them, for unpaid wages obligations.  All wage claims by Plaintiffs, and by all employees of ISM Vuzem, d.o.o., and of any purported other entity controlled by ISM Vuzem, d.o.o. were tolled as against the defendants and each of them, through at least September 25, 2021.

## FIRST CAUSE OF ACTION

### FLSA minimum wages claims against Vuzem persons

24.    Plaintiffs incorporate the allegations of paragraphs 1 through 23 of this Complaint.

25.    All wage claims by all Plaintiffs, and by all employees of ISM Vuzem, d.o.o., and of any purported other entity controlled by ISM Vuzem, d.o.o., were tolled as against Defendants, and each of them, during the pendency of Superior Court action HG15773484 entitled "Gregor Lesnik v ISM Vuzem USA, Inc., et al" from not less than September 25, 2015 through July 18, 2016, and during the pendency of United States District Court for the Northern District of California action 5:16-cv-01120 entitled "United States of America ex rel Gregor Lesnik, et al v Eisenmann, SE, et al" through August 25, 2020 and of not less than 30 days thereafter.  In this action Plaintiffs and each of them were direct employees of ISM Vuzem, d.o.o.

26.    Plaintiffs and each of them routinely worked in excess of forty (40) hours in a workweek without receiving either minimum wages or overtime compensation for services and labor provided in the United States, including in Alameda County in the State of California, and in South Carolina, Alabama, Tennessee, Michigan and other States.  This occurred between 2013 and 2016.

27.    The FLSA, 29 U.S.C. § 206, requires each employer to pay minimum wages of $7.25 per hour.

28.    At all relevant times, the gross annual sales made or business done by defendants Vuzems and ISM Vuzem, d.o.o., Eisenmann, and Tesla and each of them has been in excess of $500,000.

29.    At all relevant times, Defendant ISM Vuzem, d.o.o. has been an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

30.    Plaintiffs and each of them are not exempt from the minimum wage

1  requirements of the FLSA. See 29 U.S.C. § 213.

2     31.     The actions, policies, and practices of Defendant ISM Vuzem, d.o.o. as

3  described throughout this Complaint violate the FLSA's minimum wages requirements

4  by regularly and repeatedly failing to compensate Plaintiffs and each of them the

5  required minimum wage rate.  Defendant ISM Vuzem, d.o.o. willfully engaged in a

6  pattern of violating the FLSA by knowingly failing to pay its Full Time Employees,

7  including Plaintiffs, minimum wages.  Defendant ISM Vuzem, d.o.o. had actual or

8  constructive knowledge of that work and of these practices.  Defendant ISM Vuzem,

9  d.o.o. knew or showed reckless disregard for the fact that its compensation practices

10  were in violation of the FLSA.  Defendant ISM Vuzem, d.o.o.'s conduct constitutes a

11  willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

12     32.     Defendant ISM Vuzem, d.o.o. is liable under the FLSA for failing to

13  properly compensate Plaintiffs for FLSA minimum wages

14     33.     Defendants Robert Vuzem and Ivan Vuzem, and each of them exercised

15  "control over the nature and structure of the employment relationship" or "economic

16  control" over the relationship, such that they should be held to be an "employer" within

17  the meaning of the FLSA and subject to individual liability.  Among other things, Robert

18  and Ivan Vuzem signed checks, signed Certificates of Employment, controlled time

19  records, changed the direct employers, changed special assignment employers,

20  decided who to pay – and not pay, and controlled every aspect of the employment

21  relationship.

22     34.     Failure to disregard the corporate identity of ISM Vuzem, d.o.o. would

23  result in an inequitable result, and its shareholders Robert Vuzem and Ivan Vuzem

should be treated as partners and held jointly and severally liable for its debts.

35.     Defendants Robert Vuzem and Ivan Vuzem should be held jointly and severally liable for the violations of FLSA wages and the FLSA minimum wage payment obligations to Plaintiffs.

WHEREFORE Plaintiffs request relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### FLSA OVERTIME wages claims against Vuzem persons

36.     Plaintiffs incorporate the allegations of paragraphs 1 through 35 of this Complaint.

37.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

38.     Defendant ISM Vuzem, d.o.o. suffered and permitted Plaintiffs to routinely work more than forty (40) hours a workweek while paying them less than minimum wages and without overtime compensation.

39.     Plaintiffs are not exempt from the overtime requirements of the FLSA. See 29 U.S.C. § 213.

40.     Defendant ISM Vuzem, d.o.o. is liable under the FLSA for failing to properly compensate Plaintiffs for overtime compensation.

41.     Defendant ISM Vuzem, d.o.o. is also liable for liquidated damages.

42.     Plaintiffs further request an award of reasonable attorney's fees.

43.     Defendants Robert Vuzem and Ivan Vuzem, and each of them exercised "control over the nature and structure of the employment relationship" or "economic

control" over the relationship, such that they should be held to be an "employer" within the meaning of the FLSA and subject to individual liability.

44.     Defendants Robert Vuzem and Ivan Vuzem on an alter ego basis should be held jointly and severally liable for the violations of FLSA overtime wage payment obligations to Plaintiffs.

WHEREFORE Plaintiffs request relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### California Wages - Failure to Pay Minimum Wages Against all defendants

45.     Plaintiffs incorporate the allegations of paragraphs 1 through 44 of this Complaint. This cause of action is by all plaintiffs against Eisenmann Corporation and Tesla, Inc. as well as Robert Vuzem, Ivan Vuzem and ISM Vuzem, d.o.o.

46.     Plaintiffs and each of them between November of 2014 and June of 2016 provided in Alameda County in the State of California services which required a license under Chapter 9 (commencing with Section 7000) of Division 3 of the California Business and Professions Code.

47.     Defendant ISM Vuzem, d.o.o. did not during any part of November of 2014 through June of 2016 hold a license under Chapter 9 (commencing with Section 7000) of Division 3 of the California Business and Professions Code

48.     Defendant ISM Vuzem, d.o.o. was a subcontractor to general contractor Eisenmann Corporation for all construction services provided by Plaintiffs, and each of them, in California.

49.     Defendant Eisenmann Corporation d.o.o. did not during any part of November of 2014 through June of 2016 hold a license under Chapter 9 (commencing

with Section 7000) of Division 3 of the California Business and Professions Code

50.    Defendant Eisenmann Corporation was the general contractor to property owner Tesla, Inc. for the projects for the site(s) at which Plaintiffs provided services in the State of California.

51.    Eisenmann Corporation and Tesla, Inc. are deemed to be "employer(s)" under California Labor Code section 2750.5, and as interpreted by the courts in Sanders Construction Co. Inc. v. Cerda (2009) 175 Cal.App.4th 430 and State Compensation Ins. Fund v. Workers' Comp. Appeals Bd. (1985) 40 Cal.3d 5, in that neither the workers, nor ISM Vuzem, d.o.o., nor Eisenmann Corporation, held any contractor's license and the work performed required a contractor's license under Chapter 9 (commencing with Section 7000) of Division 3 of the California Business and Professions Code   Recovery of wages is thus sought against Eisenmann Corporation and against Tesla, Inc. as employers.

52.    ISM Vuzem, d.o.o. supervisors instructed Plaintiffs, and all ISM Vuzem, d.o.o. employees who worked at Tesla's Fremont site, that they had to take Vuzem vans to and from their company-provided apartments and the Tesla plant located in Fremont, California.  Plaintiffs, and all ISM Vuzem, d.o.o. employees who worked at Tesla's Fremont site, did not take any other transportation to or from the Tesla plant and did not drive alone.  This commute process took Plaintiffs, and all ISM Vuzem, d.o.o. employees who worked at Tesla's Fremont site, at least thirty minutes to and from the Tesla plant.  ISM Vuzem, d.o.o. did not compensate Plaintiffs, nor other ISM Vuzem, d.o.o. employees similarly situated to Plaintiffs who worked at Tesla's Fremont site, for the time it required them to commute to and from the Tesla plant in a Vuzem van.

53.     The Plaintiffs and all ISM Vuzem, d.o.o. workers were picked up prior to 6:30 a.m. every day Monday through Saturday, left by van for return to their assigned housing units at 6:15 or 7:15 pm Monday through Friday - and sometimes later - and at 4:15 or 5:15 on Saturdays. The workers were picked up on Sundays or at least every other Sunday at 6:30 a.m. and returned by van to their assigned housing units at 4:15 pm.

54.     ISM Vuzem, d.o.o. paid Plaintiffs, and all non-exempt ISM Vuzem, d.o.o. employees, a flat rate per month.

55.     Plaintiffs, and all ISM Vuzem, d.o.o. employees who worked at Tesla's Fremont site, performed construction work and were not exempt from California's minimum wage, overtime, and meal and break laws.  Plaintiffs,  and all ISM Vuzem, d.o.o. employees who worked at Tesla's Fremont site, are non-exempt employees entitled to the protections of California Labor Code sections 1182.12, 1194, and 1194.2. 271.

56.     Starting on July 1, 2014, the minimum wage in California was $9.00 per hour.  Starting January 1, 2016, the minimum wage in California was $10.00 per hour. Starting January 1, 2017, the minimum wage in California was $11.00 per hour.

57.     Neither ISM Vuzem, d.o.o., nor defendants Eisenmann Corporation or Tesla, Inc., paid or caused to be paid Plaintiffs minimum wages for the labor services provided by Plaintiffs for work at the Tesla site in Fremont, California.

58.     Plaintiffs therefore are entitled to recover their underpaid wages at minimum wage, plus interest, penalties, attorneys' fees, expenses, and costs of suit. Further, Plaintiffs are entitled to liquidated damages pursuant to Labor Code section

1194.2.

59.     Defendants Robert Vuzem and Ivan Vuzem on an alter ego basis should be held jointly and severally liable for the violations of California Labor Code minimum wage obligations to Plaintiffs.

WHEREFORE Plaintiffs request relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION

### California Wages - Failure to Pay Overtime Wages

### Against all defendants

60.     Plaintiffs reallege the allegations contained in paragraphs 1 through 59 of this Complaint.  This cause of action is by all plaintiffs against Eisenmann Corporation and Tesla, Inc., as well as Robert Vuzem, Ivan Vuzem, and ISM Vuzem, d.o.o.

61.     For labor services provided at the Tesla site in Fremont, California, ISM Vuzem, d.o.o. did not pay Plaintiffs time and a half for hours worked over eight hours in a day, over 40 hours in a week, or for the first eight hours on the seventh consecutive day worked and did not pay Plaintiffs double time for hours worked over twelve in day or after eight hours on the seventh consecutive day worked.

62.     Plaintiffs are entitled to recover their overtime wages, plus interest, penalties, attorneys' fees, expenses, and costs of suit. Further, Plaintiffs are entitled to liquidated damages pursuant to Labor Code section 1194.2.

63.     Defendants Robert Vuzem and Ivan Vuzem on an alter ego basis should be held jointly and severally liable for the violations of California Labor Code overtime wage obligations to Plaintiffs.

WHEREFORE Plaintiffs request relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### California Wages - Failure to Provide Required Rest Periods

### Against all defendants

64.    Plaintiffs reallege the allegations contained in paragraphs 1 through 63 of this Complaint. This cause of action is by all plaintiffs against Eisenmann Corporation and Tesla, Inc., as well as Robert Vuzem, Ivan Vuzem, and ISM Vuzem, d.o.o.

65.    As part of defendant ISM Vuzem, d.o.o.'s illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, neither Defendants ISM Vuzem, d.o.o., nor Eisenmann Corporation or Tesla, Inc. provided or caused to be provided rest periods to Plaintiffs as required under California Labor Code sections 226.7 and 512, and applicable wage orders.

66.    Plaintiffs therefore are entitled to recover one additional hour of compensation at each employee's regular rate of pay for each work day that a rest period was not provided, plus interest, penalties, attorneys' fees, expenses, and costs of suit.  Further, Plaintiffs are entitled to liquidated damages pursuant to Labor Code section 1194.2.

67.    Defendants Robert Vuzem and Ivan Vuzem on an alter ego basis should be held jointly and severally liable for the violations of California Labor Code rest period obligations to Plaintiffs.

WHERFORE Plaintiffs request relief as hereinafter set forth.

/ / / /

/ / / /

/ / / /

**SIXTH CAUSE OF ACTION**

**California Wages - Failure to Provide Accurate Wage Statements**

**Against Vuzem persons**

68.     Plaintiffs reallege the allegations contained in paragraphs 1 through 67 of this Complaint.  This cause of action is by all plaintiffs against Eisenmann Corporation and Tesla, Inc., as well as Robert Vuzem, Ivan Vuzem and ISM Vuzem, d.o.o.

69.     Pursuant to California Labor Code sections 226 and 1174, all employers are required to maintain accurate records of each employee's hours of work and meal breaks each workday for a period of at least three (3) years, and provide to each employee accurate, periodic wage payments in writing setting forth, among other things: (a) the dates of labor for which payment of wages is made; (b) the total hours of work for the pay period; (c) the applicable rates of pay for all hours worked; (d) gross and net wages paid, as well as all authorized deductions from those wages; and (e) the name and address of the employer.

70.     Defendant ISM Vuzem, d.o.o. knowingly failed to comply with these provisions by, among other things, failing to provide any wage statements. Further, neither Eisenmann Corporation nor Tesla, Inc. provided or caused to be provided any wage statements.

71.     California Labor Code section 226(e) provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter up to $4,000 per employee.  During the course of Plaintiffs' employment, Defendant consistently failed to provide Plaintiffs with adequate

pay statements as required by California Labor Code section 226.

72.     Defendants failed to provide such adequate statements willingly and with full knowledge of its obligations under California Labor Code section 226.

73.     Defendant's failure to provide such adequate statements has caused injury to the Plaintiffs.

74.     Plaintiffs may therefore recover the greater of actual damages or penalties as a result of Defendants' failure to provide proper records, in an amount to be determined at trial.

75.     Plaintiffs also seeks costs and attorneys' fees under Labor Code section 226 for pursuit of this recovery.

76.     Defendants Robert Vuzem and Ivan Vuzem on an alter ego basis should be held jointly and severally liable for the violations of California Labor Code wage statement obligations to Plaintiffs.

WHEREFORE Plaintiff seek relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### California Wages - Failure to Pay Waiting Time Penalties

### Against all defendants

77.     Plaintiffs reallege the allegations contained in paragraphs 1 through 75 of this Complaint. This cause of action is by all plaintiffs against Eisenmann Corporation and Tesla, Inc., as well as Robert Vuzem, Ivan Vuzem and ISM Vuzem, d.o.o.

78.     California Labor Code section 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

79.    California Labor Code section 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours' notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

80.    California Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by section 201 or section 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to thirty work days.

81.    Defendant ISM Vuzem, d.o.o. has willfully failed and refused to timely pay compensation and wages, including unpaid overtime pay and unpaid regular wage pay, to Plaintiffs whose employment terminated.

82.    Each and every of the non-management / non-exempt employee Plaintiffs was not paid waiting time penalties.

83.    Plaintiffs are entitled to recover their waiting time penalties, together with interest thereon under Labor Code section 203.

84.    Plaintiffs further request an award of reasonable attorney's fees for pursuit of this recovery.

WHEREFORE Plaintiffs pray for relief as hereinafter set forth.

### PRAYER FOR RELIEF

Plaintiffs and each of them pray for judgment against Defendants, and each of them, on behalf of themselves individually as follows:

**For plaintiffs Stjepan Novoselac, Grega Povh, Davor Hudin, and Marijan Lazar:**

---

For minimum wage, meals and breaks payment, overtime and double time payment and for waiting time penalties pursuant to Labor Code section 200 et seq.;

For trebling of damages for the clear failure to pay pursuant to Labor Code section 206;

For interest and reasonable attorneys' fees;

Dated:  August 2, 2021

William C. Dresser
Attorneys for Plaintiffs

Novoselec\Pld\Complaint.802



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

## What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

FILE BY FAX

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)* <br> ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY |
|---|
| STREET ADDRESS |
| MAILING ADDRESS |
| CITY AND ZIP CODE: |
| BRANCH NAME |

| PLAINTIFF/PETITIONER: |
|---|
| DEFENDANT/RESPONDENT: |

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) <br> AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1.  Date complaint filed: _____.  An **Initial Case Management Conference** is scheduled for:

    Date:                   Time:                   Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

    ☐ Court mediation         ☐ Judicial arbitration

    ☐ Private mediation       ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

    a.  No party to the case has requested a complex civil litigation determination hearing;
    b.  All parties have been served and intend to submit to the jurisdiction of the court;
    c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
    d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
    e.  Case management statements are submitted with this stipulation;
    f.  All parties will attend ADR conferences; and,
    g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____     ▶     _____
         (TYPE OR PRINT NAME)                       (SIGNATURE OF PLAINTIFF)

Date:

_____     ▶     _____

Form Approved for Mandatory Use <br> Superior Court of California, <br> County of Alameda <br> ALA ADR-001 [New January 1, 2010] **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) <br> AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**     Cal. Rules of Court, <br> rule 3.221(a)(4)

| (TYPE OR PRINT NAME) | (SIGNATURE OF ATTORNEY FOR PLAINTIFF) |

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____ ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF DEFENDANT)

Date:

_____ ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

 CT Corporation

**Service of Process Transmittal**
10/07/2021
CT Log Number 540382040

TO:     Legal Department
        Tesla, Inc.
        901 PAGE AVE
        FREMONT, CA 94538-7341

RE:     **Process Served in Delaware**

FOR:    Tesla, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Stjepan Novoselac, Grega Povh, Davor Hudin, and Marijan Lazar // To: Tesla, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Alameda County Superior Court, CA<br>Case # HG21107450 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/07/2021 at 11:29 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | William C. Dresser<br>Law Offices of William C. Dresser<br>4 North Second Street, Suite 1230<br>San Jose, CA 95113<br>408-279-7529 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/08/2021, Expected Purge Date: 10/13/2021<br><br>Image SOP<br><br>Email Notification,  Legal Department  legal@tesla.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**               Thu, Oct 7, 2021

**Server Name:**        Kevin Dunn

Entity Served           TESLA, INC.

Case Number             HG21107450

Jurisdiction            DE



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ISM Vuzem d.o.o., HRID-MONT d.o.o., Ivan Vuzem, Robert Vuzem, Eisenmann Corporation, Tesla, Inc., and Does 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Stjepan Novoselac, Grega Povh, Davor Hudin, and Marijan Lazar

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
ENDORSED
FILED
ALAMEDA COUNTY

AUG 03 2021

CLERK OF THE SUPERIOR COURT
Esther Coleman

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda County Superior Court<br>24405 Amador Street, Hayward, CA 94544 | CASE NUMBER: *(Número del Caso):*<br>HG21107450 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of William C. Dresser 4 North Second Street, Suite 1230 San Jose, California 95113

| DATE:<br>*(Fecha)* AUG 03 2021 /s/ signed Finke | Clerk, by Esther Coleman<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [X] on behalf of *(specify)*:   TESLA, INC.

   under: [X] CCP 416.10 (corporation) .    [ ] CCP 416.60 (minor)
      [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
      [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
      [ ] other *(specify)*:
4. [X] by personal delivery on (date) 10/7/2021

                                  Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

ENDORSED
FILED
ALAMEDA COUNTY

AUG 03 2021

CLERK OF THE SUPERIOR COURT

Esther Coleman

1  William C. Dresser, 104375
2  Law Offices of William C. Dresser
   4 North Second Street, Suite 1230
3  San Jose, California 95113
   Tel:  408/279-7529
4  Fax:  408/298-3306
5
   Attorneys for Plaintiffs
6
7           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
8              IN AND FOR THE COUNTY OF ALAMEDA
9
10   Stjepan Novoselac, Grega Povh, Davor          Action No. HG21107450
11  Hudin, and Marijan Lazar,
                                                    Complaint for damages and declaratory
12                    Plaintiffs,                   and injunctive relief
13  vs.
14  ISM Vuzem d.o.o., HRID-MONT d.o.o.,
    Ivan Vuzem, Robert Vuzem, Eisenmann
15  Corporation, Tesla, Inc., and Does 1
16  through 50, inclusive,
17                    Defendants.
18  _____
19
20
21         Comes now Plaintiffs Stjepan Novoselac, Grega Povh, Davor Hudin, and Marijan
22  Lazar and allege:
23         1.     Plaintiffs and each of them are, and at all times mentioned herein have
24  been, residents of Bosnia and Herzogovenia, aka Bosna i Herzogovena, the Republic of
25  Slovenia, aka Slovenije, or Croatia, aka Hrvataska.
26         2.     Plaintiffs are informed and believe and thereon allege that defendant ISM
27  Vuzem d.o.o., aka ISM VUZEM inženiring, storitve, montaža d.o.o., is a Slovenian
28

_____
          Novoselec v ISM Vuzem, d.o.o.; Alameda County Superior Court action
                              Complaint

                                                                              1

business entity with its principal place of business at Goricak 4, 2283 Zavrc, Slovenija.

3.    Plaintiffs are informed and believe and thereon allege that Robert Vuzem is a resident of Slovenia. Plaintiffs are informed and believe and thereon allege that all actions taken by ISM Vuzem, d.o.o. were made under the direction of or consent of Robert Vuzem as a former Direktor, and currently Head of Installation, of ISM Vuzem, d.o.o. Robert Vuzem also acted in an individual capacity with respect to his direct actions, and in his directions to others to act, as alleged in this Complaint.

4.    Plaintiffs are informed and believe and thereon allege that Ivan Vuzem is a resident of Slovenia. Plaintiffs are informed and believe and thereon allege that all actions taken by ISM Vuzem, d.o.o. were made under the direction of or consent of Ivan Vuzem as a Direktor of ISM Vuzem, d.o.o. Ivan Vuzem also acted in an individual capacity with respect to his direct actions, and in his directions to others to act, as alleged in this Complaint.

5.    Plaintiffs are informed and believe and thereon allege that ISM Vuzem USA, Inc. is a business entity holding itself out to be a South Carolina corporation with its last principal place of business at 1600 Azalea Hill Drive, Unit 304 Greenville, SC 29607. Plaintiffs are informed and believe and thereon allege that ISM Vuzem USA, Inc. at all relevant times on or before June of 2015 purported to be a wholly owned domestic subsidiary of ISM Vuzem, d.o.o. Plaintiffs are informed and believe and thereon allege that ISM Vuzem USA Inc. was at various times during the actions alleged herein dissolved involuntarily for failure to comply with requirements for corporations under South Carolina law.

6.    Plaintiffs are informed and believe and thereon allege that Vuzem USA,

Inc. is a business entity of unknown type holding itself out to be a California corporation with its last principal place of business at 965 West 11th St. #2, San Pedro, CA 90731. Plaintiffs are informed and believe and thereon allege that Vuzem USA Inc. at all relevant times mentioned herein purported to be a wholly owned domestic subsidiary of ISM Vuzem, d.o.o. Plaintiffs are informed and believe and thereon allege that Vuzem USA, Inc. was set up to be fictitiously represented to be an exclusive service and materials supplier in South Carolina and other states for ISM Vuzem, d.o.o. Plaintiffs are informed and believe and thereon allege that Vuzem USA, Inc. was also set up to be fictitiously represented to be the exclusive service and materials supplier in California for ISM Vuzem, d.o.o.

7.    Plaintiffs are informed and believe and thereon allege that Defendant HRID-MONT d.o.o. is a Slovenian corporation, formed in September of 2016 to be owned in the name of Helena Ogrizek, the wife of Robert Vuzem, with the same principal place of business as ISM Vuzem, d.o.o., to wit, Goricak 4, 2283 Zavrc, Slovenija, performing business activities including employment activities in connection with construction projects which ISM Vuzem, d.o.o. contracted to provide services for, either in its name, or under the names of purported entities ISM Vuzem USA, Inc. or Vuzem USA, Inc.

8.    Plaintiffs are informed and believe and thereon allege that Ivan Vuzem and Robert Vuzem were and are the owners of Defendant ISM Vuzem d.o.o. and of purported entities ISM Vuzem USA, Inc. and of Vuzem USA, Inc. and were and are indirectly owners of HRID-Mont, d.o.o. with ownership purportedly in the name of Helena Ogrizek, who is the wife of Robert Vuzem.

9.      Plaintiffs are informed and believe and thereon allege that between Ivan Vuzem and Robert Vuzem and each of ISM Vuzem d.o.o., purported entity ISM Vuzem USA, Inc., purported entity Vuzem USA, Inc., and HRID-MONT d.o.o. there is such a unity of interest and ownership between the entities and their equitable owners that the separate personalities of the entities and the owners do not in reality exist.  Further, an inequitable result will be reached for the wrongful acts alleged herein if they are treated as those of the entities alone.  Plaintiffs are informed and believe and thereon allege that each of Ivan Vuzem, Robert Vuzem, ISM Vuzem d.o.o., purported entity ISM Vuzem USA, Inc., purported entity Vuzem USA, Inc., and HRID- Mont, d.o.o. have commingled funds and other assets, each of the entities has held itself out to be liable for the debts of the others, there is identical equitable ownership in all of the entities, the entities use the same offices and employees, and the individuals and entities each use each other as mere shells or conduits for the affairs of each other.  Further, purported entities ISM Vuzem USA, Inc. and Vuzem USA, Inc. were inadequately capitalized, each entity has been without necessary insurance to cover liabilities of each, there has been a disregard of corporate formalities, there has been a lack of segregation of corporate records, there has been a lack of segregation of corporate contracts and agreements, and they have identical directors and officers.  Adherence to the fiction of the separate existence of Defendants ISM Vuzem d.o.o., purported entity ISM Vuzem USA, Inc., purported entity Vuzem USA, Inc., and HRID-Mont, d.o.o. as entities distinct from Defendants Robert Vuzem and Ivan Vuzem (hereinafter "Vuzems", and with Vuzem entities collectively "Vuzem persons") and other entities they control would permit an abuse of the corporate privilege, sanction fraud, and promote injustice.

10.     Defendant Tesla, Inc. is and at all times mentioned herein was a Delaware corporation with its principal place of business at 3500 Deer Creek Road, Palo, Alto, California.

11.     Defendant Eisenmann Corporation, also known as Eisenmann Corporation USA, holds itself out to be a Delaware corporation with its principal place of business at 150 E Dartmoor Drive, Crystal Lake, IL 60014.

12.     The true names and capacities of Does 5 through 50 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff prays leave to amend this Complaint to show the true names and capacities of said Does when the same have been ascertained.

13.     Plaintiff is informed and believes, and so allege, that each of said Does are responsible for Plaintiff's damages as hereinafter alleged and described.

14.     Plaintiffs are informed and believe, and so alleges, that Defendants, and each of them, were at all times herein mentioned, and now are, the agents, servants, employees, and representatives of their co-defendants, were acting within the scope, purpose, and authority of such agency, service, employment, and representation, made such actions - and withheld from taking actions - with the permission, knowledge, and consent of their co-defendants.

15.     Defendants and each of them are individuals and entities who physically appeared at the Tesla site in Fremont, California. This includes Robert Vuzem and Ivan Vuzem who are owners and officers including Direktor of ISM Vuzem, d.o.o., Branko Tomas who is an officer and registered of purported entities ISM Vuzem USA, Inc. and of Vuzem USA, Inc., supervisors of ISM Vuzem, d.o.o. including Davorin Hull, Primoz

Planovsek, and Krunoslav Premusic, supervisors and management of Eisenmann Corporation, and supervisors and management of Tesla, Inc.

16.    Defendants ISM Vuzem, d.o.o. and Eisenmann Corporation signed and entered into contracts in California, with Tesla, Inc. which is a Palo Alto, California based company, for performance in Fremont, California. For example, one purchase order identities a signatory of purported South Carolina corporation ISM Vuzem USA, Inc. which did no active business as a separate entity Signatories on the Minutes of Meeting included persons for purported entity ISM Vuzem USA, Inc., for Tesla, Inc., and for Eisenmann Corporation. The contact person is Branko Tomas. The work itself was performed by individuals who were employees of ISM Vuzem, d.o.o., and later of HRID-Mont, d.o.o. Plaintiffs are informed and believe that the Vuzem entity which was paid was ISM Vuzem, d.o.o. The Vuzems and Eisenmann Corporation earned millions of dollars from the contracts.

17.    Plaintiffs and each of them provided labor services both within the United States and in Alameda County in the State of California. These occurred for months in a row, over several years. The labor services at Tesla's Fremont, California site were provided between November of 2014 and June of 2016.

18.    Defendants including Citizens of the States of Delaware, and Illinois conducted business in Alameda County in the State of California in this judicial district.

19.    The business contacts of defendants and each of them were continuous and systematic.

20.    The business activity and contacts of defendants and each of them were significant and related to the claims stated in this complaint for this court to also

1 | exercise specific jurisdiction over defendants and each of them.

2 |     21.    At all times relevant to this Complaint, Defendants regularly conducted

3
4 | substantial business, maintained employees, and/or made significant sales in this

5 | District. In addition, statutory violations and wrongful actions as alleged in this .

6 | Complaint, occurred in Alameda County in the State of California.

7 |     22.    All wage claims by all Plaintiffs, and by all employees of ISM Vuzem,

8 | d.o.o., and of any other purported entity controlled by ISM Vuzem, d.o.o., were tolled as

9
10 | against Defendants; and each of them, during the pendency of Superior Court action

11 | HG15773484 entitled "Gregor Lesnik v ISM Vuzem USA, Inc., et al" from not less than

12 | September 25, 2015 through July 18, 2016. They were further tolled during the

13 | pendency of United States District Court for the Northern District of California action

14 | 5:16-cv-01120 entitled "United States of America ex rel Gregor Lesnik, et al v

15
16 | Eisenmann, SE, et al through August 25, 2020 and of not less than 30 days thereafter.

17 |     23.    Defendants Robert Vuzem and Ivan Vuzem, individually and on behalf of

18 | ISM Vuzem, d.o.o., acknowledged repeatedly in writing, by letters, e-mails and

19 | proposed releases, their debts to Plaintiffs, and each of them, for unpaid wages

20
21 | obligations. All wage claims by Plaintiffs, and by all employees of ISM Vuzem, d.o.o.,

22 | and of any purported other entity controlled by ISM Vuzem, d.o.o. were tolled as against

23 | the defendants and each of them, through at least September 25, 2021.

24 | **FIRST CAUSE OF ACTION**

25 | **FLSA minimum wages claims against Vuzem persons**

26
27 |     24.    Plaintiffs incorporate the allegations of paragraphs 1 through 23 of this

28 | Complaint.

25. All wage claims by all Plaintiffs, and by all employees of ISM Vuzem, d.o.o., and of any purported other entity controlled by ISM Vuzem, d.o.o., were tolled as against Defendants, and each of them, during the pendency of Superior Court action HG15773484 entitled "Gregor Lesnik v ISM Vuzem USA, Inc., et al" from not less than September 25, 2015 through July 18, 2016, and during the pendency of United States District Court for the Northern District of California action 5:16-cv-01120 entitled "United States of America ex rel Gregor Lesnik, et al v Eisenmann, SE, et al" through August 25, 2020 and of not less than 30 days thereafter.  In this action Plaintiffs and each of them were direct employees of ISM Vuzem, d.o.o.

26. Plaintiffs and each of them routinely worked in excess of forty (40) hours in a workweek without receiving either minimum wages or overtime compensation for services and labor provided in the United States, including in Alameda County in the State of California, and in South Carolina, Alabama, Tennessee, Michigan and other States.  This occurred between 2013 and 2016.

27. The FLSA, 29 U.S.C. § 206, requires each employer to pay minimum wages of $7.25 per hour.

28. At all relevant times, the gross annual sales made or business done by defendants Vuzems and ISM Vuzem, d.o.o., Eisenmann, and Tesla and each of them has been in excess of $500,000.

29. At all relevant times, Defendant ISM Vuzem, d.o.o. has been an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

30. Plaintiffs and each of them are not exempt from the minimum wage

requirements of the FLSA. See 29 U.S.C. § 213.

31.    The actions, policies, and practices of Defendant ISM Vuzem, d.o.o. as described throughout this Complaint violate the FLSA's minimum wages requirements by regularly and repeatedly failing to compensate Plaintiffs and each of them the required minimum wage rate. Defendant ISM Vuzem, d.o.o. willfully engaged in a pattern of violating the FLSA by knowingly failing to pay its Full Time Employees, including Plaintiffs, minimum wages. Defendant ISM Vuzem, d.o.o. had actual or constructive knowledge of that work and of these practices. Defendant ISM Vuzem, d.o.o. knew or showed reckless disregard for the fact that its compensation practices were in violation of the FLSA. Defendant ISM Vuzem, d.o.o.'s conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

32.    Defendant ISM Vuzem, d.o.o. is liable under the FLSA for failing to properly compensate Plaintiffs for FLSA minimum wages

33.    Defendants Robert Vuzem and Ivan Vuzem, and each of them exercised "control over the nature and structure of the employment relationship" or "economic control" over the relationship, such that they should be held to be an "employer" within the meaning of the FLSA and subject to individual liability. Among other things, Robert and Ivan Vuzem signed checks, signed Certificates of Employment, controlled time records, changed the direct employers, changed special assignment employers, decided who to pay – and not pay, and controlled every aspect of the employment relationship.

34.    Failure to disregard the corporate identity of ISM Vuzem, d.o.o. would result in an inequitable result, and its shareholders Robert Vuzem and Ivan Vuzem

should be treated as partners and held jointly and severally liable for its debts.

35. Defendants Robert Vuzem and Ivan Vuzem should be held jointly and severally liable for the violations of FLSA wages and the FLSA minimum wage payment obligations to Plaintiffs.

WHEREFORE Plaintiffs request relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

## FLSA OVERTIME wages claims against Vuzem persons

36. Plaintiffs incorporate the allegations of paragraphs 1 through 35 of this Complaint.

37. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

38. Defendant ISM Vuzem, d.o.o. suffered and permitted Plaintiffs to routinely work more than forty (40) hours a workweek while paying them less than minimum wages and without overtime compensation.

39. Plaintiffs are not exempt from the overtime requirements of the FLSA. See 29 U.S.C. § 213.

40. Defendant ISM Vuzem, d.o.o. is liable under the FLSA for failing to properly compensate Plaintiffs for overtime compensation.

41. Defendant ISM Vuzem, d.o.o. is also liable for liquidated damages.

42. Plaintiffs further request an award of reasonable attorney's fees.

43. Defendants Robert Vuzem and Ivan Vuzem, and each of them exercised "control over the nature and structure of the employment relationship" or "economic

1  control" over the relationship, such that they should be held to be an "employer" within

2  the meaning of the FLSA and subject to individual liability.

3
4  44.    Defendants Robert Vuzem and Ivan Vuzem on an alter ego basis should

5  be held jointly and severally liable for the violations of FLSA overtime wage payment

6  obligations to Plaintiffs.

7      WHEREFORE Plaintiffs request relief as hereinafter set forth.

8                        THIRD CAUSE OF ACTION

9
10  **California Wages - Failure to Pay Minimum Wages Against all defendants**

11     45.    Plaintiffs incorporate the allegations of paragraphs 1 through 44 of this

12  Complaint. This cause of action is by all plaintiffs against Eisenmann Corporation and

13  Tesla, Inc. as well as Robert Vuzem, Ivan Vuzem and ISM Vuzem, d.o.o.

14     46.    Plaintiffs and each of them between November of 2014 and June of 2016

15  provided in Alameda County in the State of California services which required a license

16

17  under Chapter 9 (commencing with Section 7000) of Division 3 of the California

18  Business and Professions Code.

19     47.    Defendant ISM Vuzem, d.o.o. did not during any part of November of 2014

20  through June of 2016 hold a license under Chapter 9 (commencing with Section 7000)

21

22  of Division 3 of the California Business and Professions Code

23     48.    Defendant ISM Vuzem, d.o.o. was a subcontractor to general contractor

24  Eisenmann Corporation for all construction services provided by Plaintiffs, and each of

25  them, in California.

26
27     49.    Defendant Eisenmann Corporation d.o.o. did not during any part of

28  November of 2014 through June of 2016 hold a license under Chapter 9 (commencing

Novoselec v ISM Vuzem, d.o.o.; Alameda County Superior Court action
Complaint

11

1  with Section 7000) of Division 3 of the California Business and Professions Code

2
3      50.    Defendant Eisenmann Corporation was the general contractor to property
4  owner Tesla, Inc. for the projects for the site(s) at which Plaintiffs provided services in
5  the State of California.

6      51.    Eisenmann Corporation and Tesla, Inc. are deemed to be "employer(s)"
7  under California Labor Code section 2750.5, and as interpreted by the courts in
8  Sanders Construction Co. Inc. v. Cerda (2009) 175 Cal.App.4th 430 and State
9  Compensation Ins. Fund v. Workers' Comp. Appeals Bd. (1985) 40 Cal.3d 5, in that
10
11  neither the workers, nor ISM Vuzem, d.o.o., nor Eisenmann Corporation, held any
12  contractor's license and the work performed required a contractor's license under
13  Chapter 9 (commencing with Section 7000) of Division 3 of the California Business and
14  Professions Code   Recovery of wages is thus sought against Eisenmann Corporation
15
16  and against Tesla, Inc. as employers.

17      52.    ISM Vuzem, d.o.o. supervisors instructed Plaintiffs, and all ISM Vuzem,
18  d.o.o. employees who worked at Tesla's Fremont site, that they had to take Vuzem
19  vans to and from their company-provided apartments and the Tesla plant located in
20
21  Fremont, California. Plaintiffs, and all ISM Vuzem, d.o.o. employees who worked at
22  Tesla's Fremont site, did not take any other transportation to or from the Tesla plant and
23  did not drive alone. This commute process took Plaintiffs, and all ISM Vuzem, d.o.o.
24  employees who worked at Tesla's Fremont site, at least thirty minutes to and from the
25  Tesla plant. ISM Vuzem, d.o.o. did not compensate Plaintiffs, nor other ISM Vuzem,
26
27  d.o.o. employees similarly situated to Plaintiffs who worked at Tesla's Fremont site, for
28  the time it required them to commute to and from the Tesla plant in a Vuzem van.

53.    The Plaintiffs and all ISM Vuzem, d.o.o. workers were picked up prior to 6:30 a.m. every day Monday through Saturday, left by van for return to their assigned housing units at 6:15 or 7:15 pm Monday through Friday - and sometimes later - and at 4:15 or 5:15 on Saturdays. The workers were picked up on Sundays or at least every other Sunday at 6:30 a.m. and returned by van to their assigned housing units at 4:15 pm.

54.    ISM Vuzem, d.o.o. paid Plaintiffs, and all non-exempt ISM Vuzem, d.o.o. employees, a flat rate per month.

55.    Plaintiffs, and all ISM Vuzem, d.o.o. employees who worked at Tesla's Fremont site, performed construction work and were not exempt from California's minimum wage, overtime, and meal and break laws.  Plaintiffs,  and all ISM Vuzem, d.o.o. employees who worked at Tesla's Fremont site, are non-exempt employees entitled to the protections of California Labor Code sections 1182.12, 1194, and 1194.2. 271.

56.    Starting on July 1, 2014, the minimum wage in California was $9.00 per hour.  Starting January 1, 2016, the minimum wage in California was $10.00 per hour. Starting January 1, 2017, the minimum wage in California was $11.00 per hour.

57.    Neither ISM Vuzem, d.o.o., nor defendants Eisenmann Corporation or Tesla, Inc., paid or caused to be paid Plaintiffs minimum wages for the labor services provided by Plaintiffs for work at the Tesla site in Fremont, California.

58.    Plaintiffs therefore are entitled to recover their underpaid wages at minimum wage, plus interest, penalties, attorneys' fees, expenses, and costs of suit. Further, Plaintiffs are entitled to liquidated damages pursuant to Labor Code section

1194.2.

59.    Defendants Robert Vuzem and Ivan Vuzem on an alter ego basis should be held jointly and severally liable for the violations of California Labor Code minimum wage obligations to Plaintiffs.

WHEREFORE Plaintiffs request relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

## California Wages - Failure to Pay Overtime Wages

## Against all defendants

60.    Plaintiffs reallege the allegations contained in paragraphs 1 through 59 of this Complaint. This cause of action is by all plaintiffs against Eisenmann Corporation and Tesla, Inc., as well as Robert Vuzem, Ivan Vuzem, and ISM Vuzem, d.o.o.

61.    For labor services provided at the Tesla site in Fremont, California, ISM Vuzem, d.o.o. did not pay Plaintiffs time and a half for hours worked over eight hours in a day, over 40 hours in a week, or for the first eight hours on the seventh consecutive day worked and did not pay Plaintiffs double time for hours worked over twelve in day or after eight hours on the seventh consecutive day worked.

62.    Plaintiffs are entitled to recover their overtime wages, plus interest, penalties, attorneys' fees, expenses, and costs of suit. Further, Plaintiffs are entitled to liquidated damages pursuant to Labor Code section 1194.2.

63.    Defendants Robert Vuzem and Ivan Vuzem on an alter ego basis should be held jointly and severally liable for the violations of California Labor Code overtime wage obligations to Plaintiffs.

WHEREFORE Plaintiffs request relief as hereinafter set forth.

Novoselec v ISM Vuzem, d.o.o.; Alameda County Superior Court action
Complaint

14

## FIFTH CAUSE OF ACTION

### California Wages - Failure to Provide Required Rest Periods

### Against all defendants

64.    Plaintiffs reallege the allegations contained in paragraphs 1 through 63 of this Complaint. This cause of action is by all plaintiffs against Eisenmann Corporation and Tesla, Inc., as well as Robert Vuzem, Ivan Vuzem, and ISM Vuzem, d.o.o.

65.    As part of defendant ISM Vuzem, d.o.o.'s illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, neither Defendants ISM Vuzem, d.o.o., nor Eisenmann Corporation or Tesla, Inc. provided or caused to be provided rest periods to Plaintiffs as required under California Labor Code sections 226.7 and 512, and applicable wage orders.

66.    Plaintiffs therefore are entitled to recover one additional hour of compensation at each employee's regular rate of pay for each work day that a rest period was not provided, plus interest, penalties, attorneys' fees, expenses, and costs of suit.  Further, Plaintiffs are entitled to liquidated damages pursuant to Labor Code section 1194.2.

67.    Defendants Robert Vuzem and Ivan Vuzem on an alter ego basis should be held jointly and severally liable for the violations of California Labor Code rest period obligations to Plaintiffs.

WHERFORE Plaintiffs request relief as hereinafter set forth.

/ / / /

/ / / /

/ / / /

1

## SIXTH CAUSE OF ACTION

2

### California Wages - Failure to Provide Accurate Wage Statements

3

### Against Vuzem persons

4

5      68.    Plaintiffs reallege the allegations contained in paragraphs 1 through 67 of

6    this Complaint. This cause of action is by all plaintiffs against Eisenmann Corporation

7    and Tesla, Inc., as well as Robert Vuzem, Ivan Vuzem and ISM Vuzem, d.o.o.

8      69.    Pursuant to California Labor Code sections 226 and 1174, all employers

9
10   are required to maintain accurate records of each employee's hours of work and meal

11   breaks each workday for a period of at least three (3) years, and provide to each

12   employee accurate, periodic wage payments in writing setting forth, among other things:

13   (a) the dates of labor for which payment of wages is made; (b) the total hours of work

14
     for the pay period; (c) the applicable rates of pay for all hours worked; (d) gross and net
15
16   wages paid, as well as all authorized deductions from those wages; and (e) the name

17   and address of the employer.

18     70.    Defendant ISM Vuzem, d.o.o. knowingly failed to comply with these

19   provisions by, among other things, failing to provide any wage statements. Further,

20
     neither Eisenmann Corporation nor Tesla, Inc. provided or caused to be provided any
21
22   wage statements.

23     71.    California Labor Code section 226(e) provides that any employee suffering

24   injury due to a willful violation of the aforementioned obligations may collect the greater

25   of either actual damages or $50 for the first inadequate pay statement and $100 for
26
27   each inadequate statement thereafter up to $4,000 per employee. During the course of

28   Plaintiffs' employment, Defendant consistently failed to provide Plaintiffs with adequate

pay statements as required by California Labor Code section 226.

72.    Defendants failed to provide such adequate statements willingly and with full knowledge of its obligations under California Labor Code section 226.

73.    Defendant's failure to provide such adequate statements has caused injury to the Plaintiffs.

74.    Plaintiffs may therefore recover the greater of actual damages or penalties as a result of Defendants' failure to provide proper records, in an amount to be determined at trial.

75.    Plaintiffs also seeks costs and attorneys' fees under Labor Code section 226 for pursuit of this recovery.

76.    Defendants Robert Vuzem and Ivan Vuzem on an alter ego basis should be held jointly and severally liable for the violations of California Labor Code wage statement obligations to Plaintiffs.

WHEREFORE Plaintiff seek relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### California Wages - Failure to Pay Waiting Time Penalties

### Against all defendants

77.    Plaintiffs reallege the allegations contained in paragraphs 1 through 75 of this Complaint. This cause of action is by all plaintiffs against Eisenmann Corporation and Tesla, Inc., as well as Robert Vuzem, Ivan Vuzem and ISM Vuzem, d.o.o.

78.    California Labor Code section 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

79.   California Labor Code section 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours' notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

80.   California Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by section 201 or section 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to thirty work days.

81.   Defendant ISM Vuzem, d.o.o. has willfully failed and refused to timely pay compensation and wages, including unpaid overtime pay and unpaid regular wage pay, to Plaintiffs whose employment terminated.

82.   Each and every of the non-management / non-exempt employee Plaintiffs was not paid waiting time penalties.

83.   Plaintiffs are entitled to recover their waiting time penalties, together with interest thereon under Labor Code section 203.

84.   Plaintiffs further request an award of reasonable attorney's fees for pursuit of this recovery.

WHEREFORE Plaintiffs pray for relief as hereinafter set forth.

**PRAYER FOR RELIEF**

Plaintiffs and each of them pray for judgment against Defendants, and each of them, on behalf of themselves individually as follows:

**For plaintiffs Stjepan Novoselac, Grega Povh, Davor Hudin, and Marijan Lazar:**

1    For minimum wage, meals and breaks payment, overtime and double time

2    payment and for waiting time penalties pursuant to Labor Code section 200 et seq.;

3    For trebling of damages for the clear failure to pay pursuant to Labor Code

4    section 206;

5

6    For interest and reasonable attorneys' fees;

7

8    Dated:  August 2, 2021

9

10    William C. Dresser
      Attorneys for Plaintiffs

11

12    Novoselec\Pld\Complaint.802

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial.  You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?**  Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**:  Mediators do not charge fees for the first two hours of mediation.  If parties need more time, they must pay the mediator's regular fees.

FILE BY FAX

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

• *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA. 94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO, *(Optional)*<br>E-MAIL ADDRESS *(Optional)*<br>ATTORNEY FOR *(Name)* | |

| SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY |
|---|
| STREET ADDRESS. |
| MAILING ADDRESS |
| CITY AND ZIP CODE |
| BRANCH NAME |

| PLAINTIFF/PETITIONER: |
|---|
| DEFENDANT/RESPONDENT: |

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1.  Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

    Date:                              Time:                              Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process *(check one)*:

    ☐ Court mediation          ☐ Judicial arbitration
    ☐ Private mediation        ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

    a.  No party to the case has requested a complex civil litigation determination hearing;
    b.  All parties have been served and intend to submit to the jurisdiction of the court;
    c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
    d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
    e.  Case management statements are submitted with this stipulation;
    f.  All parties will attend ADR conferences; and,
    g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PLAINTIFF)

Date:

_____        ▶ _____

Page 1 of 2

| Form Approved for Mandatory Use<br>Superior Court of California,<br>County of Alameda<br>ALA ADR-001 [New January 1, 2010] | STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | Cal. Rules of Court,<br>rule 3.221(a)(4) |
|---|---|---|

| (TYPE OR PRINT NAME) | (SIGNATURE OF ATTORNEY FOR PLAINTIFF) |

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF DEFENDANT)

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)