1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

|  |  |
|---|---|
| STJEPAN NOVOSELAC, et al., | Case No.  21-cv-08654-BLF |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO DISMISS COMPLAINT WITH LEAVE TO AMEND** |
| ISM VUZEM D.O.O., et al., | |
| Defendants. | [Re:  ECF 12] |

Defendants Tesla, Inc. and Eisenmann Corporation ("Moving Parties") seek dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs' counsel did not appear when the case was called for hearing at 9:30 a.m. on May 19, 2022.  After waiting until 9:45 a.m., the Court stated its ruling on the record.  The Court did not hear substantive argument.  The motion is GRANTED WITH LEAVE TO AMEND.

## I.   DISCUSSION

Plaintiffs sue for wages and penalties allegedly owed to them for construction work they performed at Tesla's facility in Fremont, California between November 2014 and June 2016. Compl. ¶ 17.  As relevant here, they assert violations of California Labor Code provisions governing minimum wages (Claim 3), overtime wages (Claim 4), rest breaks (Claim 5), and waiting time penalties (Claim 7).  Moving Parties argue that Plaintiffs have failed to state a claim against them under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), because the claims are time-barred, and Moving Parties were not Plaintiffs' employers.  The Court addresses these arguments in reverse order.

**A.     Status as Employers**

Plaintiffs allege that Tesla hired Eisenmann as the general contractor for the work in question, that Eisenmann in turn hired Defendant ISM Vuzem d.o.o. as a subcontractor, and that Plaintiffs were direct employees of ISM Vuzem d.o.o.  Compl. ¶¶ 25, 48.  Plaintiffs claim that Moving Parties Tesla and Eisenmann are deemed to be their employers under California Labor Code § 2750.5, because neither Eisenmann nor ISM Vuzem d.o.o. held a contractor's license.  *Id*. ¶ 51.  Section 2750.5 "operates to conclusively determine that a general contractor is the employer of not only its unlicensed subcontractors but also those employed by the unlicensed subcontractors."  *Sanders Constr. Co. v. Cerda*, 175 Cal. App. 4th 430, 434-35 (2009) (internal quotation marks and citation omitted).

Moving Parties seek dismissal of Plaintiffs' claims on the basis that a non-party entity called Vuzem USA Company held a contractor's license during the relevant period.  Moving Parties ask the Court to take judicial notice of Vuzem USA Company's license.  It appears that Moving Parties are asking the Court to make a factual determination that the licensed entity, Vuzem USA Company, was Plaintiffs' employer despite Plaintiffs' allegation that an unlicensed entity, ISM Vuzem d.o.o., was their employer.  The Court cannot make that factual determination in the context of a Rule 12(b)(6) motion.

**B.     Statutes of Limitations**

Claims 3, 4, and 5 are subject to a three-year limitations period, and Claim 7 is subject to a one-year limitations period.  *See* Cal. Civ. Proc. Code §§ 338, 340.  Plaintiffs allege that work at the Tesla site was completed in "June of 2016."  Compl. ¶ 17.  Construing that allegation in the light most favorable to Plaintiffs, the work was completed on the last day of the month, June 30, 2016, and the applicable limitations periods began running on that date.  Absent tolling, the one-year limitations period expired on June 30, 2017, and the three-year limitations period expired on June 30, 2019.  Plaintiffs did not file this suit until August 3, 2021.

Plaintiffs allege that their wage claims were tolled during the pendency of a state court action titled *Lesnik v. ISM Vuzem USA, Inc.*, and a federal action titled *Lesnik v. Eisenmann SE*.  Compl. ¶ 22.  Plaintiffs also allege that their wage claims against Moving Parties were tolled by

United States District Court
Northern District of California

2

other defendants' acknowledgement of debts to Plaintiffs. *Id.* ¶ 23. In their opposition (but not in the complaint) Plaintiffs additionally assert that Eisenmann's absence from the state of California constitutes a basis for tolling. Only Plaintiffs' allegations regarding the *Lesnik* cases merit discussion. Plaintiffs have not cited authority suggesting that acknowledgement of a debt by *other* defendants could toll the limitations periods with respect to Moving Parties, and the Court cannot consider Plaintiffs' assertion regarding Eisenmann's absence, as it is not alleged in the complaint.

Turning to Plaintiffs' allegations of tolling based on the *Lesnik* cases, this Court applies California's tolling rules to Plaintiffs' wage and hour claims brought under California law. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1199 (9th Cir. 1988) ("Where a district court applies or borrows a state statute of limitations, it is also required to apply the state's equitable exceptions, to the extent these are consistent with federal law."). Plaintiffs contend that tolling exists under two tolling doctrines applied by California courts: (1) the federal tolling rule articulated by *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) and its progeny, and (2) California's equitable tolling rule.

### 1. *American Pipe* Tolling

In *American Pipe*, the United States Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe*, 414 U.S. at 554. "Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983) (discussing *American Pipe*). "At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." *Id.*

The California Supreme Court considered the application of *American Pipe* tolling in *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1121 (1988), identifying two major policy considerations underlying the federal rule. The first consideration is the protection of the class action device. *See id.* Absent protection from statutes of limitations, putative class members might file motions to intervene or otherwise act in a way that would deprive "class actions of the efficiency and economy of litigation which is a principal purpose of the procedure." *Id.* (internal quotation marks

and citation omitted).  The second consideration is the purposes of statutes of limitations –

"ensuring essential fairness to defendants and of barring a plaintiff who has slept on his rights."

*Id*. (internal quotation marks and citation omitted).  Those purposes are served where a class

action "notifies the defendants not only of the substantive claims being brought against them, but

also of the number and generic identities of the potential plaintiffs who may participate in the

judgment."  *Id*.  While observing that some courts do not focus on notice to defendants when

applying the *American Pipe* rule, the *Jolly* court found the lack of such notice to be dispositive.

*See id.* at 1123-24.  Where the prior class action could not have put the defendants on notice of the

subsequent personal injury claims asserted by Christine Jolly "within the statutory period of

limitations so that they might prepare their defense," the *Jolly* court found the notice deficiency

"alone sufficient to deny plaintiff relief under *American Pipe*."  *Id*. at 1124.  Although the

California Supreme Court found that *American Pipe* tolling was not warranted in *Jolly*, California

appellate courts have construed *Jolly* as adopting the *American Pipe* rule and have applied the rule

in other cases.  *See, e.g., Hildebrandt v. Staples the Off. Superstore, LLC*, 58 Cal. App. 5th 128,

136 (2020).

Plaintiffs allege tolling from September 25, 2015 through July 18, 2016 based on the state

court *Lesnik* case.  Compl. ¶ 22.  However, the only class claim asserted in the state court *Lesnik*

case was dismissed on June 22, 2016.  *See* Pl.'s RJN Exh. 22.  Plaintiffs cite no authority that

would support *American Pipe* tolling after dismissal of the class claim.  Consequently, it does not

appear that the state court *Lesnik* case provides a basis for *American Pipe* tolling of the limitations

periods in this case, which began to run on June 30, 2016.

Plaintiffs allege that the federal *Lesnik* case gives rise to tolling from an undisclosed start

date "through August 25, 2020 and of not less than 30 days thereafter."  Compl. ¶ 22.  The federal

*Lesnik* case was filed under seal as a *qui tam* action on March 7, 2016.  *See Lesnik* at ECF 1, Case

No. 16-cv-01120.  Class claims were not added until the second amended complaint was filed,

also under seal, on August 8, 2017.  *See id.* at ECF 31.  The second amended complaint was

unsealed on January 8, 2018 and served on Moving Parties on January 18, 2018.  *See id.* at ECF

39, 63, 64.  As discussed above, the California Supreme Court has identified two important

United States District Court
Northern District of California

United States District Court
Northern District of California

1  policies that must be served for *American Pipe* tolling to apply:  protection of the class action

2  device by allowing putative class members to wait until after certification is denied to file

3  individual suits, and effectuating the purposes of statutes of limitations by requiring that a class

4  action gives defendants adequate notice of potential claims.  *See Jolly*, 44 Cal. 3d at 1121-24.

5  Neither of these policies would be served by allowing tolling while the pleadings in the federal

6  *Lesnik* case were sealed, when neither Plaintiffs nor Moving Parties had notice of the putative

7  class claims.  Accordingly, the Court finds that *American Pipe* tolling began, at the earliest, when

8  the *Lesnik* second amended complaint was unsealed on January 8, 2018.  Moving Parties argue

9  that any *American Pipe* tolling began ten days later when they were served with the *Lesnik* action

10 on January 18, 2018.  Because it makes no difference to the Court's analysis, and for the sake of

11 simplicity, the Court assumes that any *American Pipe* tolling began on the date the second

12 amended complaint was unsealed on January 8, 2018.

13         By that date, the one-year limitations period applicable to Claim 7 already had expired

14 (June 30, 2016 to June 30, 2017).  Therefore, Claim 7 appears to be time-barred.  As to the three-

15 year limitations period applicable to Claims 3, 4, and 5, approximately 18 months of that period

16 ran prior to the commencement of any *American Pipe* tolling (June 30, 2016 to January 8, 2018).

17 Plaintiffs allege that tolling continued "through August 25, 2020 and of not less than 30 days

18 thereafter," or through September 24, 2020.  Compl. ¶ 22.  August 25, 2020 is the date that all

19 wage and hour putative class claims were dismissed from the federal *Lesnik* case.  *See Lesnik* at

20 ECF 512, Case No. 16-cv-01120.  Plaintiffs offer no explanation for their allegation that tolling

21 continues thirty days beyond the dismissal date.

22         Moreover, all wage and hour putative class claims against Moving Parties were dismissed

23 with prejudice on March 20, 2019.  *See id.* at ECF 361.  The wage and hour claims that were

24 dismissed on August 25, 2020 were asserted against *other defendants*.  Plaintiffs have offered no

25 authority that would support *American Pipe* tolling against Moving Parties after all wage and hour

26 class claims against them were dismissed with prejudice.  Accordingly, it appears that any

27 *American Pipe* tolling ended on March 20, 2019, and the three-year limitations period resumed on

28 that date.  As noted above, approximately 18 months of that period ran before any *American Pipe*

United States District Court
Northern District of California

1   tolling commenced, leaving approximately 18 months of the limitations period remaining.

2   Plaintiffs thus had to file suit by approximately September 20, 2020 to be timely.  Plaintiffs filed

3   this suit almost a year too late, on August 3, 2021.  Claims 3, 4, and 5 appear to be time-barred.

4          Having concluded that Claims 3, 4, 5, and 7 appear to be time-barred even if *American*

5   *Pipe* tolling applies, the Court need not reach Moving Parties' additional argument that *American*

6   *Pipe* tolling cannot arise where the underlying putative class claims are dismissed with prejudice.

7   Moving Parties have not cited a case supporting that proposition, and the Court declines to address

8   the issue absent adequate briefing.

9                    **2.       Equitable Tolling under California Law**

10          As a separate basis for tolling, distinct from the *American Pipe* rule, Plaintiffs invoke

11   California's equitable tolling rule.  Under that state law rule, tolling applies "when an injured

12   person has several legal remedies and, reasonably and in good faith, pursues one."  *Collier*, 142

13   Cal. App. 3d at 923 (internal quotation marks, citation, and brackets omitted).  The rule may be

14   applied where there is "(1) timely notice to the defendant in filing the first claim; (2) lack of

15   prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good

16   faith and reasonable conduct by the plaintiff in filing the second claim."  *Id*. at 924.

17          As discussed above, the wage and hour class claim in the state court *Lesnik* case was

18   dismissed on June 22, 2016, before the statutes of limitations began to run in this case.  *See* Pl.'s

19   RJN Exh. 22.  Plaintiffs cite no authority that would support equitable tolling after the putative

20   class claim was dismissed.  Consequently, it does not appear that the state court *Lesnik* case

21   provides a basis for equitable tolling under California law.

22          Not does it appear that Plaintiffs' claims can be saved by state law equitable tolling based

23   on the federal *Lesnik* case.  The first requirement for equitable tolling under California law is

24   "timely notice to the defendant in filing the first claim."  *Collier*, 142 Cal. App. 3d at 924.  As

25   discussed above, Moving Parties received notice of the federal *Lesnik* action at the earliest on

26   January 8, 2018, when the second amended complaint was unsealed.  Thus, like *American Pipe*

27   tolling, equitable tolling under California law commenced at the earliest on January 8, 2018.  By

28   that time, the one-year limitations period applicable to Claim 7 had expired, and approximately 18

months of the three-year limitations period applicable to Claims 3, 4, and 5 had elapsed.  Any tolling as to Moving Parties necessarily ended when all wage and hour claims against Moving Parties were dismissed with prejudice on March 20, 2019.  Plaintiffs thus had to file suit by approximately September 20, 2020, and they filed almost a year late, on August 3, 2021.  Claims 3, 4, and 5 appear to be time-barred.

### 3.    Conclusion

It appears on the face of the complaint and from judicially noticeable filings in the *Lesnik* actions that Plaintiffs' claims against Moving Parties are time-barred, even assuming that *American Pipe* tolling and equitable tolling under California law apply in this case.  The Court will grant Moving Parties' motion to dismiss on this basis.  While Moving Parties urge the Court to grant the motion without leave to amend, the Court finds that leave to amend is warranted under the standard set forth in *Foman v. Davis*, 371 U.S. 178 (1962) and *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003).  If they choose to amend, Plaintiffs must in essence draw a road map explaining how tolling saves their otherwise time-barred claims against Moving Parties.

## II.    ORDER

(1)    The motion to dismiss the complaint is GRANTED WITH LEAVE TO AMEND on the basis that all claims against Moving Parties appear to be time-barred and Plaintiffs have not alleged facts showing tolling of the applicable limitations periods;

(2)    Any amended complaint SHALL be filed by June 24, 2022.  Leave to amend is limited to facts relating to statute of limitations and tolling.  Plaintiffs may not add parties or claims without express leave of the Court.

(3)    This order terminates ECF 12.

Dated:  June 3, 2022

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California