United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STJEPAN NOVOSELAC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ISM VUZEM D.O.O., et al, <br><br> Defendants. | Case No.  21-cv-08654-BLF <br><br> **ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT; GRANTING MOTION FOR ATTORNEYS' FEES; AND DIRECTING MOVING PARTIES' COUNSEL TO SUBMIT SUPPLEMENTAL DECLARATION** <br><br> [Re:  ECF 59, 61] |

Plaintiffs Stjepan Novoselac ("Novoselac"), Grega Povh ("Povh"), Davor Hudin ("Hudin"), and Marijan Lazar ("Lazar") allege that they were transported to the United States from their home countries of Bosnia and Herzogovenia, the Republic of Slovenia, and Croatia to provide cheap labor to American companies.  *See generally* Compl., ECF 1-1.  They assert federal and state wage and hour claims against four Slovenian individuals and entities who employed them and contracted their labor to American companies:  Defendants ISM Vuzem d.o.o., HRID-Mont, d.o.o., Robert Vuzem, and Ivan Vuzem ("the Vuzem Defendants").  *See id.*  They also asserts claims against Defendants Tesla, Inc. ("Tesla") and its general contractor, Eisenmann Corporation ("Eisenmann"), based on labor Plaintiffs allegedly performed at Tesla's facility in Fremont, California.  *See id.*

United States District Court
Northern District of California

1        Tesla and Eisenmann have been dismissed from the suit with prejudice. *See* Order, ECF

2 52. The Vuzem Defendants failed to respond to the complaint and the Clerk entered default

3 against them. *See* Clerk's Entries of Default, ECF 37-40. The Court thereafter set a deadline for

4 Plaintiffs to file motions for default judgment against the Vuzem Defendants. *See* Orders, ECF

5 52, 55. The Court advised that failure to file a motion for default judgment would result in

6 dismissal without further notice for failure to prosecute. *See id.*

7        Three of the four plaintiffs – Novoselac, Povh, and Hudin – timely filed the present

8 motions for default judgment and attorneys' fees against the Vuzem Defendants. *See* Mot. for

9 Default Judgment, ECF 59; Mot. for Attorneys' Fees, ECF 61. The Court finds the motions

10 suitable for decision without oral argument. *See* Civ. L.R. 7-1(b). For the reasons discussed

11 below, the motion for default judgment is GRANTED IN PART and motion for attorneys' fees is

12 GRANTED.

13        The fourth plaintiff, Lazar, did not file a motion for default judgment. In conjunction with

14 this order, the Court will issue a separate Order to Show Cause why Lazar's claims should not be

15 dismissed for failure to prosecute.

16 **I.**     **BACKGROUND**

17        Plaintiffs filed this suit in the Alameda County Superior Court in August 2021. *See*

18 Compl., ECF 1-1. Plaintiffs are residents of Bosnia and Herzogovenia, the Republic of Slovenia,

19 and Croatia. *See id.* ¶ 1. They allege that the Vuzem Defendants, all Slovenia-based companies

20 and individuals, hired Plaintiffs to provide labor to American companies in the United States. *See*

21 *id.* ¶¶ 2-4, 7-9, 16-17. As described below, a substantial portion of that labor allegedly was

22 performed in California.

23        According to Plaintiffs, the Vuzem Defendants contracted with Tesla and its general

24 contractor, Eisenmann, for Plaintiffs' labor services on a construction project at Tesla's facility in

25 Fremont, California. *See* Compl. ¶¶ 16, 48. Plaintiffs worked at the Tesla facility at various times

26 between November 2014 and June 2016. *See id.* ¶ 17. Plaintiffs allege that while in California

27 they lived in assigned housing units, were picked up by a van at 6:30 a.m. every Monday through

28 Saturday for transport to the Tesla facility, and were returned to their housing units after 6:00 p.m.

1    every Monday through Friday and after 4:00 p.m. every Saturday.  *See id.* ¶ 53.  Plaintiffs also

2    worked many Sundays.  *See id.*  Plaintiffs claim that they were paid a flat rate per month, in

3    violation of federal and state laws requiring payment of minimum wages and overtime wages.  *See*

4    *id.* ¶¶ 26, 38, 54-57, 61.  Plaintiffs also claim that they were not given rest periods, wage

5    statements, or waiting time penalties required under California state law.  *See id.* ¶¶ 65, 70, 81-82.

6          Based on these allegations, Plaintiffs filed the complaint in this action asserting the

7    following claims against the Vuzem Defendants, Eisenmann, and Tesla:  (1) failure to pay

8    minimum wages in violation of the Fair Labor Standards Act ("FLSA"); (2) failure to pay

9    overtime wages in violation of the FLSA; (3) failure to pay minimum wages in violation of

10   California law; (4) failure to pay overtime wages in violation of California law; (5) failure to

11   provide rest periods in violation of California law; (6) failure to provide accurate wage statements

12   in violation of California law; and (7) failure to pay waiting time penalties in violation of

13   California law.

14         Defendants Eisenmann and Tesla removed the action to federal district court on November

15   5, 2021 on the basis of federal question jurisdiction, as the complaint asserts claims under the

16   federal FLSA.  *See* Not. of Removal, ECF 1.  Eisenmann and Tesla filed a motion to dismiss the

17   complaint that was granted with leave to amend.  *See* Order, ECF 51.  Plaintiffs did not amend the

18   complaint within the deadline set by the Court, which resulted in the dismissal of Eisenmann and

19   Tesla from the suit with prejudice.  *See* Order, ECF 52.  The Vuzem Defendants failed to respond

20   to the complaint, and the Clerk entered default against them.  *See* Clerk's Entries of Default, ECF

21   37-40.  Plaintiffs Novoselac, Povh, and Hudin now seek default judgment and attorneys' fees

22   against the Vuzem Defendants.

23   **II.    MOTION FOR DEFAULT JUDGMENT (ECF 59)**

24         Plaintiffs Novoselac, Povh, and Hudin ("Moving Parties") seek default judgment against

25   the Vuzem Defendants on all seven claims in the complaint.

26         **A.    Legal Standard on Default Judgment**

27         Default may be entered against a party who fails to plead or otherwise defend an action,

28   who is neither a minor nor an incompetent person, and against whom a judgment for affirmative

1    relief is sought.  Fed. R. Civ. P. 55(a).  After entry of default, a court may, in its discretion, enter

2    default judgment.  Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

3    1980).

4              In deciding whether to enter default judgment, a court may consider the following factors:

5    (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims;

6    (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility

7    of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and

8    (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the

9    merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

10             In considering these factors, all factual allegations in the plaintiff's complaint are taken as

11   true, except those related to damages.  *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-

12   18 (9th Cir. 1987).  When the damages claimed are not readily ascertainable from the pleadings

13   and the record, the court may either conduct an evidentiary hearing or proceed on documentary

14   evidence submitted by the plaintiff.  *See Johnson v. Garlic Farm Truck Ctr. LLC*, 2021 WL

15   2457154, at *2 (N.D. Cal. Jun. 16, 2021).

16             **B.      Discussion**

17             "When entry of judgment is sought against a party who has failed to plead or otherwise

18   defend, a district court has an affirmative duty to look into its jurisdiction over both the subject

19   matter and parties."  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  The Court discusses in turn

20   jurisdiction, service of process, the *Eitel* factors, and the requested relief.

21             **1.      Jurisdiction**

22             The Court has federal question jurisdiction over Claims 1 and 2 for violations of the FLSA,

23   because those claims are brought under a federal statute.  *See* 28 U.S.C. § 1331 ("The district

24   courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or

25   treaties of the United States.").  The Court has supplemental jurisdiction over Claims 3-7, asserted

26   under state law, as those claims arise out of the same wage and hour violations that form the basis

27   of the FLSA claims.  *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts

28   have original jurisdiction, the district courts shall have supplemental jurisdiction over all other

United States District Court
Northern District of California

4

1    claims that are so related to claims in the action within such original jurisdiction that they form

2    part of the same case or controversy under Article III of the United States Constitution.").

3         The Court has specific personal jurisdiction over the Vuzem Defendants based on factual

4    allegations which, when accepted as true, establish that:  the Vuzem Defendants purposefully

5    directed their activities to California and availed themselves of the privilege of conducting

6    business in California; the claims of the complaint arise out of those forum-related activities; and

7    exercise of jurisdiction over the Vuzem Defendants is reasonable.  *See Schwarzenegger v. Fred*

8    *Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (setting forth requirements for specific

9    personal jurisdiction).  The complaint alleges among other things that ISM Vuzem d.o.o. entered

10   into contracts with Eisenmann and Tesla in California for Plaintiffs' labor services at Tesla's

11   facility in Fremont, California.  *See* Compl. ¶ 16.  The complaint also alleges that Robert and Ivan

12   Vuzem own and control the operations of ISM Vuzem d.o.o.  *See id.* ¶¶ 8-9.  Robert and Ivan

13   Vuzem allegedly traveled to the worksite at the Tesla facility in Fremont, California and

14   corresponded with Plaintiffs regarding their wages.  *See id.* ¶¶ 15, 23.

15        In addition, the complaint alleges that "between Ivan Vuzem and Robert Vuzem and each

16   of ISM Vuzem d.o.o., . . . and HRID-MONT d.o.o. there is such a unity of interest and ownership

17   between the entities and their equitable owners that the separate personalities of the entities and

18   the owners do not in reality exist."  *See* Compl. ¶ 9.  Personal jurisdiction over a corporation may

19   be established by showing that the corporation is the alter ego of other entities or individuals as to

20   whom personal jurisdiction exists.  *See Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94

21   F.3d 586, 591 (9th Cir. 1996) (applying California law).  The test is whether (1) there is such unity

22   of interest and ownership that the separate personalities of the corporations no longer exist and (2)

23   failure to disregard the corporations' separate identities would result in fraud or injustice.  *See id.*

24   Under this test, ISM Vuzem d.o.o.'s California contacts may be attributed to HRID-MONT d.o.o.

25        Based on these alleged facts, the Court finds that the Vuzem Defendants' contacts with

26   California are sufficient to satisfy the requirements for specific personal jurisdiction under the

27   *Schwarzenegger* test discussed above.  *See Schwarzenegger*, 374 F.3d at 802.

28

United States District Court
Northern District of California

### 2.    Service of Process

When a plaintiff requests default judgment, the court must assess whether the defendant was properly served with notice of the action.  *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982); *Solis v. Cardiografix*, No. 12-cv-01485, 2012 WL 3638548, at *2 (N.D. Cal. Aug. 22, 2012).  The Court has reviewed the proofs of service filed by Plaintiffs with respect to the Vuzem Defendants.  *See* POS, ECF 27-30.  It appears that service was compliant with Federal Rules of Civil Procedure 4, which permits service on individuals and companies in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  Fed. R. Civ. P. 4(f)(1), (h)(2).  The proofs of service represent that the Vuzem Defendants were served pursuant to the Hague Convention.  *See* POS, ECF 27-30.  The Court therefore finds that the Vuzem Defendants were properly served with notice of this action.

### 3.    *Eitel* Factors

Next, the Court considers whether default judgment against the Vuzem Defendants is warranted under the *Eitel* factors.

#### a.    Factor 1 – Possibility of Prejudice

Under the first *Eitel* factor, the Court finds that Moving Parties would be prejudiced without a default judgment against the Vuzem Defendants.  Unless default judgment is entered, Moving Parties will have no other means of recourse on their claims.  *See Ridola v. Chao*, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018) (plaintiff prejudiced without default judgment because she "would have no other means of recourse against Defendants for the damages caused by their conduct").  The first factor therefore weighs in favor of granting default judgment.

#### b.    Factors 2 and 3 – Merits and Sufficiency of Claims

The second and third *Eitel* factors address the merits and sufficiency of Moving Parties' claims.  Courts often analyze these two factors together.  *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together.").  "[T]he general rule is that well-pled allegations in the complaint regarding liability are deemed true."

1  | *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

2  |      The Court finds that these factors are satisfied as to all seven claims in the complaint, as

3  | discussed below.  "Of all the *Eitel* factors, courts often consider the second and third factors to be

4  | the most important."  *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d

5  | 948, 962 (N.D. Cal. 2019) (internal quotation marks and citation omitted).  Thus, Moving Parties'

6  | satisfaction of the second and third *Eitel* factors weighs strongly in favor of default judgment.

7  | **i.**      **Claims 1 and 2 – Unpaid Wages under FLSA**

8  |     Claim 1 alleges failure to pay minimum wages under the FLSA, 29 U.S.C. § 206(a), which

9  | provides for a minimum wage of $7.25 per hour for the time period in question.  Claim 2 alleges

10 | failure to pay overtime wages under the FLSA, 29 U.S.C. § 207(a), which provides for overtime

11 | wages of not less than time and a half for hours worked in excess of 40 hours in a workweek.  "To

12 | establish a minimum-wage or overtime violation of the FLSA, Plaintiff must establish three

13 | elements:  (1) she was an employee of Defendants, (2) she was covered under the FLSA, and (3)

14 | Defendants failed to pay her minimum wage or overtime wages."  *Smith v. Nov. Bar N Grill LLC*,

15 | 441 F. Supp. 3d 830, 834 (D. Ariz. 2020).

16 |     With respect to the first element, that the plaintiff was an employee of the defendant, the

17 | Ninth Circuit has held that "the definition of 'employer' under the FLSA is not limited by the

18 | common law concept of 'employer,' but is to be given an expansive interpretation in order to

19 | effectuate the FLSA's broad remedial purposes."  *Lambert v. Ackerley*, 180 F.3d 997, 1011-12

20 | (9th Cir. 1999) (internal quotation marks and citation omitted).  For example, "[w]here an

21 | individual exercises control over the nature and structure of the employment relationship, or

22 | economic control over the relationship, that individual is an employer within the meaning of the

23 | Act, and is subject to liability."  *Id*. at 1012 (internal quotation marks and citation omitted).  Thus,

24 | in *Lambert*, the Ninth Circuit held that the chief executive officer and the chief operating officer of

25 | the defendant corporations' corporate parent were "employers" who could be held liable under

26 | FLSA.  *See id.*  Here, the complaint alleges that each of the Vuzem Defendants was an employer

27 | of Moving Parties within the meaning of the FLSA.  *See* Compl. ¶¶ 9, 29, 33.  Moving Parties

28 | allegedly were employed by ISM Vuzem, d.o.o., *see id.* ¶¶ 31-32, Robert and Ivan Vuzem

United States District Court
Northern District of California

allegedly exercised control over the employment relationship, *see id.* ¶ 33, and all Vuzem Defendants, including HRID-Mont d.o.o., allegedly were alter egos of each other, *See id.* ¶ 9.  The Court finds the complaint's allegations, taken as true, to be sufficient to establish the first element of the FLSA claims.

With respect to the second element, that the plaintiff was covered under the FLSA, an individual is covered under the FLSA if the individual "works for an enterprise engaged in commerce." *Smith*, 441 F. Supp. 3d at 841.  The complaint alleges that the Vuzem Defendants were engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.  *See* Compl. ¶ 29.  The Court finds this allegation sufficient to satisfy the second element of the FLSA claims.

With respect to the third element, that the defendant failed to pay the plaintiff minimum or overtime wages, the complaint alleges that:  "Plaintiffs and each of them routinely worked in excess of forty (40) hours in a workweek without receiving either minimum wages or overtime compensation for services and labor provided in the United States," Compl. ¶ 26; "Defendant ISM Vuzem, d.o.o. willfully engaged in a pattern of violating the FLSA by knowingly failing to pay its Full Time Employees, including Plaintiffs, minimum wages," *id*. ¶ 31; and "Defendant ISM Vuzem, d.o.o. suffered and permitted Plaintiffs to routinely work more than forty (40) hours a workweek while paying them less than minimum wages and without overtime compensation," *id*. ¶ 38.  While these allegations set forth Moving Parties' theory of recovery and the general outlines of their claims, they are not sufficient on their own.  However, as discussed below, the allegations of the complaint combined with evidence in the record is sufficient to satisfy the second and third *Eitel* factors.

In order to establish a failure to pay minimum wages in violation of the FLSA, the employee must show that in a given work week, the total amount paid divided by the hours worked falls below the minimum wage set by the statute.  *See Durland v. Straub*, No. 3:20-CV-00031-IM, 2022 WL 2704169, at *5 (D. Or. July 12, 2022).  In order to establish a failure to pay overtime wages, the employee must show that in a given work week, the employee worked more than forty hours and was not paid time and a half for all hours in excess of forty.  *See id*. at *6.

United States District Court
Northern District of California

Those necessary specifics are supplied by the declaration of Moving Parties' counsel, William C. Dresser and documents attached thereto. *See* Dresser Decl., ECF 60.  Counsel provides wage spreadsheets for each of the Moving Parties, broken down by workweek, showing:  hours worked up to 40 hours per week; hours worked in excess of 40 hours per week; wages paid; regular wages that should have been paid for the first 40 hours per week using the FLSA minimum base pay rate of $7.25 per hour; and overtime wages that should have been paid for hours worked in excess of 40 hours per week. *See id*. ¶ 27 and Tables A.1, A.2, A.3, B.1, B.2, B.3.  The meaning of those spreadsheets is explained by counsel's declaration, and counsel also provides a table of the total amount of unpaid wages sought by each of the Moving Parties under the FLSA.  *See id.* ¶ 27 and Table G.

The Court finds that the allegations of the complaint, combined with the declaration of counsel and the evidence attached thereto, establish the merits and sufficiency of Moving Parties' claims for minimum wages and overtime wages under the FLSA.

               ii.       **Claims 3 and 4 – Unpaid Wages under California law**

Claim 3 alleges failure to pay minimum wages under California Labor Code § 1182.12, which provides in relevant part that "on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour."  Cal. Lab. Code § 1182.12(a).  Claim 4 alleges failure to pay overtime wages under California Labor Code § 510, which provides for overtime wages of not less than time and a half for hours worked in excess of 40 hours in a workweek.  Cal. Lab. Code § 510(a).  Under California Labor Code § 1194, "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."  Cal. Lab. Code § 1194(a).

The definition of employer for purposes of the California Labor Code is slightly different from the definition of employer under the FLSA.  *See Martinez v. Combs*, 49 Cal. 4th 35, 67 (2010).  Under California law, an employer is one who "employs or exercises control over the

United States District Court
Northern District of California

United States District Court
Northern District of California

wages, hours, or working conditions of any person." *Id.*  The same alleged facts that satisfy the definition of employer for purposes of the FLSA also satisfy the definition of employer under California law – Moving Parties allegedly were hired and directly employed by ISM Vuzem, d.o.o., *see* Compl. ¶¶ 31-32, Robert and Ivan Vuzem allegedly exercised control over the employment relationship, *see id.* ¶ 33, and all Vuzem Defendants, including HRID-Mont d.o.o., allegedly were alter egos of each other, *See id.* ¶ 9.  Moreover, the declaration of Moving Parties' counsel and attached evidence show that Moving Parties were not paid the minimum wages and overtime wages required under California law when they worked at the Tesla facility in Fremont, California.  *See* Dresser Decl. ¶ 27 and Tables C.1, C.2, C.3, and G.

The Court finds that the allegations of the complaint, combined with the declaration of counsel and the evidence attached thereto, establish the merits and sufficiency of Moving Parties' claims for minimum wages and overtime wages under California law.

### iii.     Claim 5 – Rest Periods under California Law

Claim 5 is for failure to provide rest periods in violation of California Labor Code §§ 226.7 and 512 and applicable wages orders.  "[E]mployers who unlawfully denied their employees a meal or rest period on any given day must pay the employees an additional hour of pay at their regular rate." *Naranjo v. Spectrum Sec. Servs., Inc.*, 13 Cal. 5th 93, 105 (2022) (internal quotation marks and citations omitted).  The complaint alleges that Plaintiffs were not provided all the rest periods to which they were entitled while working at the Tesla facility.  *See* Compl. ¶ 65.  The declaration of Moving Parties' counsel and attached evidence show that Moving Parties were not given required rest periods when they worked at the Tesla facility in Fremont, California, and a calculation of the rest period compensation due to each Moving Party is provided.  *See* Dresser Decl. ¶ 27 and Tables C.1, C.2, C.3, and G.

The Court finds that the allegations of the complaint, combined with the declaration of counsel and the evidence attached thereto, establish the merits and sufficiency of Moving Parties' claim for denial of rest periods under California law.

### iv.     Claim 6 – Wage Statements under California Law

Claim 6 is for failure to provide accurate wage statements in violation of California Labor

Code §§ 226 and 1174.  California Labor Code § 226 requires employers to provide employees with accurate itemized statements in writing showing, among other things, their gross and net wages earned, total hours worked, all deductions, the dates included in the pay period, and the identifying information of the employee and employer, and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."  Cal. Lab. Code § 226(a).  These statements must be provided on a semimonthly basis or at the time of each wage payment.  *See id.*  "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."  Cal. Lab. Code § 226(e).

The complaint alleges that the Vuzem Defendants did not provide Plaintiffs with any wage statements.  *See* Compl. ¶ 70.  The declaration of Moving Parties' counsel and attached evidence provide a calculation of the recovery due to each Moving Party for the failure to provide wage statements.  *See* Dresser Decl. ¶ 27 and Tables E and G.  The Court finds that the allegations of the complaint, combined with the declaration of counsel and the evidence attached thereto, establish the merits and sufficiency of Moving Parties' claim for failure to provide wage statements under California law.

v. **Claim 7 – Waiting Time Penalties under California Law**

Claim 7 is for failure to pay waiting time penalties in violation of California Labor Code § 203, which provides that when an employer fails to pay all compensation due at the termination of employment, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."  Cal. Lab. Code § 203(a).  The complaint alleges that the Vuzem Defendants failed to pay wages due, including minimum wages and overtime wages, to Plaintiffs following termination of their employment.  *See* Compl. ¶¶ 81-82.  The declaration of Moving Parties' counsel and attached evidence provide a calculation of the recovery due to each Moving

1   Party for 30 days of waiting time penalties.  *See* Dresser Decl. ¶ 27 and Tables F and G.  The

2   Court finds that the allegations of the complaint, combined with the declaration of counsel and the

3   evidence attached thereto, establish the merits and sufficiency of Moving Parties' claim for

4   waiting time penalties under California law.

United States District Court
Northern District of California

### c.      Factor 4 – Sum of Money at Stake

6          Under the fourth *Eitel* factor, the Court must consider the amount of money at stake in

7   relation to the seriousness of the Vuzem Defendants' conduct.  "Default judgment is disfavored

8   where the sum of money at stake is too large or unreasonable in light of defendant's actions."

9   *Love v. Griffin*, No. 18-CV-00976-JSC, 2018 WL 4471073, at \*5 (N.D. Cal. Aug. 20, 2018),

10  report and recommendation adopted, No. 18-CV-00976-JD, 2018 WL 4471149 (N.D. Cal. Sept.

11  17, 2018).  Here, Moving Parties seek the following amounts:  $139,493.52 for Novoselac,

12  $78,465.40 for Povh, and $132,443.75 for Hudin.  *See* Dresser Decl. ¶ 27 and Table G.  In the

13  Court's view, those amounts are not too large or unreasonable in light of the Vuzem Defendants'

14  alleged blatant violations of the FLSA and California wage and hour laws.  The fourth *Eitel* factor

15  favors default judgment.

### d.      Factor 5 – Possibility of Dispute

17         Under the fifth *Eitel* factor, the Court considers whether there is a possibility of a dispute

18  over any material fact.  *See Love*, 2018 WL 4471073, at \*5; *Ridola*, 2018 WL 2287668, at \*13.

19  Because the Vuzem Defendants have not appeared, they are not entitled to dispute the facts

20  established by Moving Parties.  This factor favors default judgment.

### e.      Factor 6 – Reason for Default

22         Under the sixth *Eitel* Factor, the Court considers whether the default was due to excusable

23  neglect.  There is no indication on this record that the Vuzem Defendants' failure to respond to

24  this action was due to excusable neglect.  This factor favors default judgment.

### f.      Factor 7 – Policy Favoring Decision on the Merits

26         The seventh *Eitel* factor, which is the strong policy favoring decisions on the merits,

27  weighs against default judgment.  In cases where the other *Eitel* factors weigh in favor of default

28  judgment, the seventh factor will not be an impediment to granting default judgment.  *See Ridola*,

1   2018 WL 2287668, at *13 ("Although federal policy favors decision on the merits, Rule 55(b)(2)

2   permits entry of default judgment in situations, such as this, where a defendant refuses to

3   litigate.").

### g.    Conclusion

5   All of the *Eitel* factors except the seventh factor weigh in favor of default judgment. The

6   second and third factors, which are the most important, strongly favor default judgment.

7   Accordingly, Moving Parties' motion for default judgment against the Vuzem Defendants is

8   GRANTED as to Claims 1-7 of the complaint.

### 4.    Relief Requested

10   Having concluded that Moving Parties are entitled to default judgment, the Court must

11   consider whether they have established that they are entitled to the relief requested. "Upon entry

12   of default, a plaintiff is required to prove the amount of his damages, because neither the default

13   nor the allegations in the complaint can establish the amount of damages." *Lasheen v. Embassy of*

14   *The Arab Republic of Egypt*, 625 F. App'x 338, 341 (9th Cir. 2015). "The district court may

15   determine the amount of damages without an evidentiary hearing where the amount claimed is a

16   liquidated sum or capable of mathematical calculation." *Id.* (internal quotation marks and citation

17   omitted).

18   Moving Parties seek damages, interest, and penalties the following amounts: $139,493.52

19   for Novoselac, $78,465.40 for Povh, and $132,443.75 for Hudin. *See* Dresser Decl. ¶ 27 and

20   Table G. As discussed above, Moving Parties' counsel has submitted a declaration along with

21   detailed wage statements, explanations as to how each element of damages was calculated, and

22   summaries of the total damages requested by each Moving Party. *See* Dresser Decl. ¶ 27 and

23   Tables A.1-G. For the most part, the damages calculations are straightforward and need not be

24   addressed in detail here. The Court discusses in depth only a few aspects of the request for relief,

25   and thereafter provides a claim-by-claim summary of its ruling on the motion.

26   For the following reasons and as detailed below, the motion for default judgment is

27   GRANTED IN PART AND DENIED IN PART.

28

United States District Court
Northern District of California

### a.     No Duplication of Wage Claims under FLSA and State Law

Claims 1 and 2 request unpaid minimum and overtime wages under the FLSA, while Claims 3 and 4 request unpaid minimum and overtime wages under California state law.  Moving parties excluded their California (Tesla) wages from the calculation of damages under the FLSA to avoid a double recovery.  *See* Dresser Decl. ¶ 27 and Table G.

### b.     Travel Time

The wages claimed by Moving Parties under both the FLSA and California law include time they spent traveling by van between their assigned housing sites and their work sites.  Under federal law, "[t]ime spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked."  29 C.F.R. § 785.38.  "Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice."  *Id.*  Moving Parties submit declarations stating that once in the United States, they were transported between assigned housing to construction sites by vans that were driven by their supervisors; the supervisors gave Moving Parties work assignments and instructions in the vans; Moving Parties carried tools in the vans; and travel in the vans was required as part of the job.  *See* Novoselac Decl. ¶¶ 16-24, ECF 59-1; Povh Decl. ¶¶ 16-24, ECF 59-2; Hudin Decl. ¶¶ 16-24, ECF 59-3.  Other district courts in the Ninth Circuit have granted default judgment on FLSA wage claims for travel time under § 785.38 based on similar facts.  *See, e.g., Durland v. Straub*, No. 3:20-CV-00031-IM, 2022 WL 2704169, at *4 & n.6 (D. Or. July 12, 2022) (granting default judgment where workers were required to gather at the shop to get instructions and supplies and then ride together to the work site).  This Court likewise concludes that Moving Parties' evidence is sufficient to establish that their van travel time must be counted as hours worked for their FLSA claims.

Under California law, whether travel time is compensable depends on "[t]he level of the employer's control over its employees."  *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 587 (2000).  In *Morillion*, the California Supreme Court found that the time agricultural employees

were required to spend traveling on their employer's buses was compensable because they were subject to control of their employer. *See id.* at 578. The *Morillion* court held that, "When an employer requires its employees to meet at designated places to take its buses to work and prohibits them from taking their own transportation, these employees are subject to the control of an employer, and their time spent traveling on the buses is compensable as hours worked." *Id*. at 587 (internal quotation marks and citation omitted). As discussed above, Moving Parties have submitted declarations stating that they were required to take company vans between their assigned housing units and their work sites, that their supervisors gave them instructions during that travel, and that travel on the company vans was required. *See* Novoselac Decl. ¶¶ 16-24; Povh Decl. ¶¶ 16-24; Hudin Decl. ¶¶ 16-24. The Court finds that this evidence is sufficient to establish that the van travel time is compensable under California law.

**c.   Liquidated Damages**

Under the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C.A. § 216(b). For Claims 1 and 2 brought under the FLSA, Moving Parties properly seek liquidated damages equal to the total recoverable unpaid minimum and overtime wages. *See* Dresser Decl. ¶ 27 and Table G.

Under California law, "[i]n any action . . . to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." Cal. Lab. Code § 1194.2(a). However, "[n]othing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation." *Id*. Moving Parties properly seek liquidated damages on Claim 3 for unpaid minimum wages under state law. However, they also seek liquidated damages on Claim 4 for overtime wages under state law, which are unavailable. Unfortunately, Moving Parties' calculation of liquidated damages under state law combines Claims 3 and 4. *See* Dresser Decl. ¶ 27 and Table G. The Court will direct counsel to file a supplemental declaration recalculating

1    liquidated damages under state law so that they are based solely on unpaid minimum wages under

2    Claim 3 and not unpaid overtime wages under Claim 4.

3         Moving Parties do not seek liquidated damages with respect to Claims 5 (break time

4    premium pay), 6 (wage statement penalties), or 7 (waiting time penalties) brought under California

5    law.  As to Claim 5, Moving Parties seek premium pay and prejudgment interest; Moving Parties

6    are entitled to prejudgment interest on Claim 5 as discussed below..  As to Claim 6, they seek only

7    wage statement penalties, and as to Claim 7, they seek waiting time penalties.  The Court finds

8    that Moving Parties have proved their entitlement to the requested premium pay and penalties.

9                               **d.    Interest**

10        Moving Parties request pre-judgment interest on damages recoverable under Claims 1 and

11   2 under the FLSA, and on Claims 3, 4, and 5 under state law.  With respect to the FLSA claims, "a

12   plaintiff cannot recover both prejudgment interest and liquidated damages under the FLSA."

13   *Orozco v. Borenstein*, No. CV-11-2305-PHX-FJM, 2012 WL 3762408, at *4 (D. Ariz. Aug. 29,

14   2012); *see also Ford v. Alfaro*, 785 F.2d 835, 842 (9th Cir.1986) (recognizing that "in the absence

15   of a liquidated damage award, pre-judgment interest is necessary to fully compensate employees

16   for the losses they have suffered").  The Supreme Court has expressly held in the FLSA context

17   that "[t]o allow an employee to recover the basic statutory wage and liquidated damages, with

18   interest, would have the effect of giving an employee double compensation for damages arising

19   from delay in the payment of the basic minimum wages."  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S.

20   697, 715 (1945).   Accordingly, the Court will direct counsel to exclude interest from his

21   calculation of damages on Claims 1 and 2 in the supplemental declaration of counsel requested by

22   the Court.

23        With respect to the state law claims, "under California law plaintiffs may recover

24   liquidated damages *and* prejudgment interest."  *Seviour-Iloff v. LaPaille*, 80 Cal. App. 5th 427,

25   448 (2022), as modified on denial of reh'g (July 21, 2022).  Accordingly, Moving Parties' request

26   for prejudgment interest on Claims 3, 4, and 5 is proper.  The Court will award prejudgment

27   interest on Claims 3 and 4 at the statutory rate of 10% set forth in California Labor Code § 218.6,

28   and will award prejudgment interest on Claim 5 at the statutory rate of 7% set forth in California

United States District Court
Northern District of California

16

1    Civil Code § 3287.  These rates are reflected in Moving Parties' calculations of prejudgment

2    interest on their state law claims.

3           Moving Parties do not request prejudgment interest as to Claims 6 and 7 for wage

4    statement penalties and waiting time penalties, respectively.

5                              **e.        Summary of Ruling**

6           The Court's ruling on the motion for default judgment therefore is as follows:

7    (1)    Claim 1 – FLSA Claim for Unpaid Minimum Wages:  GRANTED IN PART as to

8           unpaid minimum wages and liquidated damages, DENIED IN PART as to

9           prejudgment interest.

10   (2)    Claim 2 – FLSA Claim for Unpaid Overtime Wages:  GRANTED IN PART as to

11          unpaid overtime wages and liquidated damages, DENIED IN PART as to

12          prejudgment interest.

13   (3)    Claim 3 – State Law Claim for Unpaid Minimum Wages:  GRANTED as to unpaid

14          minimum wages, liquidated damages, and prejudgment interest.

15   (4)    Claim 4 – State Law Claim for Unpaid Overtime Wages:  GRANTED IN PART as

16          to unpaid minimum wages and prejudgment interest, DENIED IN PART as to

17          liquidated damages.

18   (5)    Claim 5 - State Law Claim for Failure to Provide Rest Breaks:  GRANTED as to

19          break time premium pay and prejudgment interest.

20   (6)    Claim 6 - State Law Claim for Failure to Provide Wage Statements:  GRANTED as

21          to wage statement penalties.

22   (7)    Claim 7 - State Law Claim for Waiting Time Penalties:  GRANTED as to waiting

23          time penalties.

24          Moving Parties' counsel SHALL submit a supplemental declaration recalculating the

25   damages and interest as to Claims 1, 2, and 4 consistent with this order, and providing a revised

26   chart of total damages and interest for each of the Moving Parties.

27   //

28   //

United States District Court
Northern District of California

17

1    **III.    MOTION FOR ATTORNEYS' FEES AND COSTS (ECF 61)**

2          Moving Parties request an award of attorneys' fees and costs under both the FLSA and the

3    California Labor Code.  They seek attorneys' fees in the amount of $66,492.50 and costs in the

4    amount of $1,847.87.  The Court first sets forth the applicable legal standards and then discusses

5    Moving Parties' request for attorneys' fees and costs.

6          **A.    Legal Standard**

7          The FLSA provides for an award of attorneys' fees and costs in actions for unpaid

8    minimum or overtime wages.  *See* 29 U.S.C.A. § 216(a) ("The court in such action shall, in

9    addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to

10   be paid by the defendant, and costs of the action.").  The California Labor Code likewise provides

11   for an award of attorneys' fees and costs to the prevailing party in an action for nonpayment of

12   wages.  See Cal. Lab. Code § 1194(a) ("[A]ny employee receiving less than the legal minimum

13   wage or the legal overtime compensation applicable to the employee is entitled to recover in a

14   civil action the unpaid balance of the full amount of this minimum wage or overtime

15   compensation, including interest thereon, reasonable attorney's fees, and costs of suit.").

16         Whether calculating attorneys' fees under California or federal law, courts follow "the

17   'lodestar' method, and the amount of that fee must be determined on the facts of each case."

18   *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad*

19   *Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)).  Under the lodestar method, the most

20   useful starting point "is the number of hours reasonably expended on the litigation multiplied by a

21   reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The party seeking an

22   award of fees should submit evidence supporting the hours worked and rates claimed.  *Id.*

23         "In determining a reasonable hourly rate, the district court should be guided by the rate

24   prevailing in the community for similar work performed by attorneys of comparable skill,

25   experience, and reputation."  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir.

26   1986).  "Generally, the relevant community is the forum in which the district court sits."  *Barjon v.*

27   *Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).  The district court should exclude hours that were not

28   reasonably expended.  *See Hensley*, 461 U.S. at 434.

United States District Court
Northern District of California

1

**B.      Discussion**

2

Moving Parties have filed a declaration of counsel in support of their request for attorneys'

3

fees.  *See* Dresser Decl. ISP Attorneys' Fees, ECF 61-1.  Moving Parties also request that the

4

Court review and approve their Bill of Costs, submitted as an exhibit to the declaration of counsel.

5

The Bill of Costs properly is addressed to the Clerk.  *See* Civil Local Rule 54-1.  A party who is

6

dissatisfied with the Clerk's disposition of a Bill of Costs may file an objection with the Court.

7

*See* Civ. L.R. 54-2.  The Court observes that Moving Parties' Bill of Costs was filed and reviewed

8

by the Clerk and found deficient on the basis that judgment has not yet been entered.  *See* Bill of

9

Costs, ECF 62; Clerk's Notice of Deficiency, ECF 63.  Moving Parties may submit a Bill of Costs

10

to the Clerk after entry of judgment.

11

With respect to Moving Parties' request for attorneys' fees, Moving Parties' counsel, Mr.

12

Dresser, spent 138.2 hours on this case and his paralegals spent 149.5 hours.  Based on counsel's

13

hourly billing rate of $400 and the paralegals' hourly billing rate of $75, the lodestar for fees is

14

$66,492.50.  These hours and fees are adequately documented by counsel's declaration, the

15

attached billing records, and the attached summary chart of hours broken down by major tasks.

16

*See* Dresser Decl. ISP Attorneys' Fees.

17

The Court finds the billing rates of counsel and paralegals to be within the range of fees

18

awarded in this district.  Mr. Dresser is the only attorney to bill in this matter.  He is a 1982

19

graduate of the University of California, Hastings College of the Law, he has significant civil

20

litigation experience, he is a member of the California State Bar Labor and Employment Law

21

Section, and he has charged $400 per hour since 2018.  *See* Dresser Decl. ISP Attorneys' Fees ¶¶

22

75-90.  Other courts in this district have approved similar hourly rates for experienced attorneys

23

handling wage and hour cases.  *See, e.g., Zhou v. Chai*, No. 21CV06067AMODMR, 2023 WL

24

3409460, at *11 (N.D. Cal. May 11, 2023) ("The court finds that the hourly rate of $450 is

25

reasonable and falls within the market rates for attorneys of similar experience, skill, and

26

reputation who handle wage and hour cases in the Bay Area.").  Three paralegals worked on this

27

case, all experienced, and they billed at $75 per hour, which is the rate Mr. Dresser has billed for

28

paralegals for a decade.  *See id.* ¶¶ 90-96.  Courts in this district have approved up to $180 per

United States District Court
Northern District of California

19

1    hour for experienced paralegals in employment cases.  *See, e.g., Aguilar v. Zep Inc.*, No. 13-CV-

2    00563-WHO, 2014 WL 4063144, at *2 (N.D. Cal. Aug. 15, 2014).  Accordingly, the Court will

3    award fees based on the requested rates of $400 for counsel and $75 for paralegals.

4          The Court also has reviewed the summary of tasks performed and hours expended and

5    finds that 138.2 hours by counsel and 149.5 hours by paralegals is reasonable for the work

6    performed in this case.  Mr. Dresser and his paralegals expended the bulk of their time on service

7    of process and preparation of the motion for default judgment.  With respect to service of process,

8    the Vuzem Defendants are foreign residents, and service was made pursuant to the Hague

9    Convention on the Service Abroad of Judicial and Extrajudicial Documents.  Counsel had to work

10   through interpreters in Croatia and in Slovenia, the summons and complaint had to be translated

11   into Slovenian by a certified interpreter, and counsel had to arrange for the Vuzem Defendants to

12   be served by the Republika Slovenija, Okrozno sodisce (District Court of Ptuj).  *See id.* ¶¶ 41-47.

13   With respect to preparation of the present motion for default judgment, Mr. Dresser and his

14   paralegals had to gather information and documents from Moving Parties regarding the dates,

15   times and locations of their work for the defaulted defendants.  *See id.* ¶ 61.  Mr. Dresser

16   described this as a lengthy process that involved e-mail, zoom and phone calls as well as language

17   difficulties.  *See id.*  Multiple weekly wage spreadsheets were submitted for each of the Moving

18   Parties, lengthy declarations were submitted by each of the Moving Parties, and the briefing on the

19   motion for default judgment addressed wage claims under both federal and state law.  *See id.* ¶¶

20   62-69.  Based on Mr. Dresser's description of the work performed on these and other tasks, the

21   Court finds that the hours expended are reasonable.

22          Accordingly, Moving Parties' motion for attorneys' fees is GRANTED in the amount of

23   $66,492.50.

24   //

25   //

26   //

27   //

28   //

**IV.   ORDER**

    (1)    The motion for default judgment against the Vuzem Defendants is GRANTED as to Claims 3, 5, 6, and 7, and GRANTED IN PART AND DENIED IN PART as to Claims 1, 2, and 4, as set forth herein.

    (2)    Moving Parties' counsel SHALL submit a supplemental declaration on or before June 21, 2023, recalculating the damages and interest as to Claims 1, 2, and 4 consistent with this order, and providing a revised chart of total damages and interest for each of the Moving Parties.  The Court will defer entry of default judgment pending submission of counsel's supplemental declaration, which will aid the Court in preparing the final judgment.

    (3)    The motion for attorneys' fees is GRANTED in the amount of $66,492.50.

    (4)    This order terminates ECF 59 and 61.

Dated:  June 7, 2023

_____
BETH LABSON FREEMAN
United States District Judge