**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STJEPAN NOVOSELAC, et al., | Case No. 21-cv-08654-BLF |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT** |
| ISM VUZEM D.O.O., et al., | [Re: ECF 77] |
| Defendants. | |

Before the Court is a *pro se* motion brought by Defendants Robert Vuzem and Ivan Vuzem ("Movants") under Federal Rule of Civil Procedure 60(b)(6), seeking to set aside the default judgment entered against them and their companies, Defendants ISM Vuzem d.o.o. and HRID-Mont d.o.o. *See* Defs.' Mot. to Set Aside Default J., ECF 77. The motion is opposed by Plaintiffs. *See* Pls.' Opp., ECF 78. No reply has been filed. The Court previously issued an order submitting the motion for decision without oral argument. *See* Order Submitting Mot., ECF 80.

The motion to set aside the default judgment is DENIED for the reasons discussed below.

**I.     BACKGROUND**

Plaintiffs filed this suit in the Alameda County Superior Court in August 2021, alleging that they were transported to the United States from their home countries of Bosnia and Herzegovina, the Republic of Slovenia, and Croatia to provide cheap labor to American companies. *See* Compl., ECF 1-1. Plaintiffs asserted federal and state law wage and hour claims against four Slovenian individuals and entities who employed them and contracted their labor to American clients: Defendants Robert Vuzem, Ivan Vuzem, ISM Vuzem d.o.o., and HRID-Mont d.o.o. *See id.* Plaintiffs also asserted claims against Defendants Tesla, Inc. ("Tesla") and its

1  general contractor, Eisenmann Corporation ("Eisenmann"), based on labor Plaintiffs allegedly

2  performed at Tesla's facility in Fremont, California. *See id.*

3  Defendants Tesla and Eisenmann removed the action to federal district court in November

4  2021 on the basis of federal question jurisdiction. *See* Notice of Removal, ECF 1. Tesla and

5  Eisenmann later were dismissed from the suit with prejudice. *See* Order Dismissing Defendants

6  Tesla, Inc. and Eisenmann Corp., ECF 52.

7  Defendants Robert Vuzem, Ivan Vuzem, ISM Vuzem d.o.o., and HRID-Mont d.o.o. failed

8  to respond to the complaint, and the Clerk entered default against them. *See* Clerk's Entries of

9  Default, ECF 37-40. The Court thereafter granted in part and denied in part Plaintiffs' motion for

10  default judgment against those defendants. *See* Order Granting in Part Mot. for Default J., ECF

11  66. Prior to granting the motion, the Court had the obligation to assess whether Defendants

12  Robert Vuzem, Ivan Vuzem, ISM Vuzem d.o.o., and HRID-Mont d.o.o. were properly served with

13  notice of the action. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982); *Solis v.

14  Cardiografix*, No. 12-cv-01485, 2012 WL 3638548, at *2 (N.D. Cal. Aug. 22, 2012). The Court

15  made an express finding that service was proper based on signed returns of service of summons

16  filed by Plaintiffs, reflecting that service was made pursuant to the Hague Convention on the

17  Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). *See* Order

18  Granting in Part Mot. for Default J. at 6. On June 22, 2023, the Court entered a default judgment

19  for Plaintiffs and against Robert Vuzem, Ivan Vuzem, ISM Vuzem d.o.o., and HRID-Mont d.o.o.,

20  jointly and severally, for damages, prejudgment interest, and attorneys' fees totaling $354,116.45.

21  *See* Default J., ECF 72.

22  More than a year after entry of the default judgment, the current motion to set aside the

23  default judgment under Rule 60(b)(6) was mailed to the Court. The motion was scanned and filed

24  on the electronic docket by Clerk's Office staff on October 11, 2024. *See* Defs.' Mot. to Set Aside

25  Default J. Plaintiffs timely filed opposition on October 25, 2024. *See* Pls.' Opp. Plaintiffs also

26  filed a proof of service showing that the opposition was served on Defendants Robert Vuzem, Ivan

27  Vuzem, ISM Vuzem d.o.o., and HRID-Mont d.o.o. at the mailing address and email address

28  provided on the motion to set aside the default judgment. *See* POS, ECF 79. No reply was filed.

## II. LEGAL STANDARD

A court "may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b)(6) is a catchall provision that allows a court to grant relief from a final order or judgment for "any other reason that justifies relief" where the movant cannot demonstrate entitlement to relief under the specific grounds set forth in Rule 60(b)(1)-(5). Fed. R. Civ. P. 60(b). "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.*; *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). Whether to grant relief under Rule 60(b)(6) "is ordinarily addressed to the wide discretion of the district court[.]" *Fed. Trade Comm'n v. Hewitt*, 68 F.4th 461, 468 (9th Cir. 2023) (internal quotation marks and citations omitted).

## III. DISCUSSION

Movants Robert Vuzem and Ivan Vuzem seek relief from the default judgment on behalf of themselves and their companies, ISM Vuzem d.o.o. and HRID-Mont d.o.o. The Court addresses the requested relief for the companies first, and then the requested relief for the individual Movants.

### A. ISM Vuzem d.o.o. and HRID-Mont d.o.o.

Movants ask the Court to set aside the default judgment against ISM Vuzem d.o.o. and HRID-Mont d.o.o. However, business entities may proceed before this Court only through licensed counsel admitted to practice in this district. *See* Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). Because ISM Vuzem d.o.o. and HRID-Mont d.o.o. are not represented by licensed counsel, the Court cannot consider the motion for relief from default judgment as to them.

The motion to set aside the default judgment is DENIED as to Defendants ISM Vuzem d.o.o. and HRID-Mont d.o.o.

**B.     Robert Vuzem and Ivan Vuzem**

Individuals Robert Vuzem and Ivan Vuzem may represent themselves in this action. *See* Civ. L.R. 3-9(a) ("Any party representing him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court."). "A person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules." *Id*.

Movants Robert Vuzem and Ivan Vuzem assert that relief from the default judgment is warranted by five extraordinary circumstances. First, Movants contend that this Court lacks personal jurisdiction over them. Second, they assert that a confidential release of claims signed by Plaintiffs bars relief. Third, Movants argue that Plaintiffs' claims are time-barred. Fourth, Movants state that they were not served with process in accordance with the Hague Convention and did not know about this suit until after entry of the default judgment. Fifth, Movants assert that public policy favors adjudication on the merits rather than entry of default judgment.

"Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury *and* that circumstances beyond its control prevented timely action to protect its interests." *Alpine Land & Reservoir Co.*, 984 F.2d at 1049 (emphasis added). Only one of the asserted extraordinary circumstances, lack of service of process, could have prevented Movants from acting to protect their interests in a timely manner. The other asserted extraordinary circumstances could have been presented to the Court in the ordinary course of litigation if Movants had not failed to respond to the complaint.[1] Accordingly, the Court limits its consideration of the motion to set aside default judgment to Movant's assertion that they were not served with process.

When a defendant seeks relief from default judgment based on lack of service of process, the plaintiff ordinarily bears the burden of establishing that service was valid. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *see also Bank of New York Mellon v. Loyo-Morales*, No.

---

[1] Movants' characterization of an alleged release of claims as "newly discovered evidence" is wholly unsupported given Movants' contention that the release was signed by Plaintiffs and Defendants in 2016.

4

21-16041, 2022 WL 1616980, at *1 (9th Cir. May 23, 2022) ("When a defendant challenges service, the plaintiff bears the burden of establishing that service was valid under Rule 4."). However, the Ninth Circuit has held that "a defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur." *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007); *see also Bank of New York Mellon*, 2022 WL 1616980, at *1 ("This burden may shift to the defendant if she had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment.") (internal quotation marks and citation omitted). Moreover, "a signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Internet Sols. for Bus. Inc.*, 509 F.3d at 1163.

### 1. Movants Have the Burden to Prove Lack of Service of Process

An individual in a foreign country may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention[.]" Fed. R. Civ. P. 4(f). There is no dispute that both the United States and Slovenia are signatories to the Hague Convention, and other courts in this district have expressly found that they are. *See United States ex rel. Lesnik v. Eisenmann SE*, No. 16-CV-01120-LHK, 2021 WL 4267895, at *7 (N.D. Cal. Sept. 20, 2021) ("The United States and Slovenia are both signatories to the Hague Service Convention[.]"). "The principle means of service under the Hague Service Convention is through a signatory country's 'Central Authority,' which the Convention requires each country to establish for the purpose of effectuating service in its country." *Id*. (citing Hague Convention, art. 2, 20 U.S.T. at 362); *see also Brockmeyer*, 383 F.3d at 801 (9th Cir. 2004) (explaining Central Authority mechanism in the Hague Service Convention).

On September 30, 2021, Plaintiffs' counsel sent letters to the Ministry of Justice of the Republic of Slovenia, as the Central Authority under the Hague Convention, requesting service of process on Robert Vuzem and Ivan Vuzem. *See* Dresser Decl. ¶¶ 9-15, ECF 78-2. The letters were accompanied by the complaint and summons in the original English language, as well as

5

1  certified Slovenian translations. *See id*. On January 11, 2022, Plaintiffs' counsel received letters
2  from the Ministry of Justice of the Republic of Slovenia confirming that Robert Vuzem and Ivan
3  Vuzem had been served. *See id.* ¶¶ 18-19. In March 2022, Plaintiffs filed signed returns of
4  service reflecting service of process on Robert Vuzem and Ivan Vuzem pursuant to the Hague
5  Convention. *See* Return of Service of Summons (Robert Vuzem), ECF 30; Amended Return of
6  Service of Summons (Ivan Vuzem), ECF 32. Attached to the signed returns of service are the
7  letters from the Ministry of Justice of the Republic of Slovenia, confirming service of process on
8  Robert Vuzem and Ivan Vuzem. *See id.* The signed returns of service constitute prima facie
9  evidence of valid service that Movants can "overcome only by strong and convincing evidence."
10 *Internet Sols. for Bus. Inc.*, 509 F.3d at 1163.

11       The record also contains ample evidence that Robert Vuzem and Ivan Vuzem received
12 actual notice of this action. Defendant Eisenmann filed certificates of service showing that copies
13 of the notice of removal, complaint, and other case documents were emailed to Urska Kezmah, an
14 attorney in Slovenia. *See* Certificates of Service, ECF 6, 11, 13. William Dresser, counsel for
15 Plaintiffs, states in his declaration that Ms. Kezmah identified herself as counsel for Robert
16 Vuzem and Ivan Vuzem during multiple telephone conversations. *See* Dresser Decl. ¶ 29. Mr.
17 Dresser also states that his office mailed Plaintiffs' motion for default judgment to Robert Vuzem
18 and Ivan Vuzem. *See id.* ¶ 32. Mr. Dresser attaches U.S.P.S. receipts reflecting those mailings.
19 *See id.* Exs. 011, 012. The record evidence that Robert Vuzem and Ivan Vuzem were sent the key
20 filings in this action, both by emails to their attorney and by mail to their physical addresses,
21 provides an added basis to conclude that they have the burden to prove lack of service of process.

22       **2.    Movants Have Not Met Their Burden**

23       Movants' only evidence on the issue of service is a half-page declaration submitted by
24 Robert Vuzem, which is accompanied by approximately 200 pages of exhibits. *See* Robert Vuzem
25 Decl., ECF 77-1. The declaration is in English, while the attached exhibits are in Slovenian, with
26 English translations provided by Robert Vuzem. *See id.* Robert Vuzem states that he "personally
27 translated the exhibits attached to this motion from Slovenian to English." *Id*. at p. 3. He also
28 states, "To the best of my knowledge and belief, these translations are true and accurate." *Id*. The

Court presumes that Robert Vuzem also translated his own declaration from Slovenian to English, although it is possible the declaration was written in English originally.

Plaintiffs object to the declaration and exhibits on the ground that Movants have not established that Robert Vuzem is a certified translator or even that he is fluent in English. Plaintiffs' objection is well-taken.

"When, as here, a party relies on an English-language declaration of a person whose native language is not English, that party must also submit documents sufficient to establish that [the declarant] understood what he was signing." *Heredia v. Americare, Inc.*, No. 17 Civ. 06219 (RWL), 2020 WL 3961618, at *4 (S.D.N.Y. July 13, 2020). That requirement may be met by evidence that the declarant read a certified translation of the document in the declarant's native language before signing the English-language version. *See id.* Alternatively, the declarant may sign a native-language version of the document and submit it with a certified English-language translation. *See id.* Or, "the declarant may submit a separate declaration indicating that the document has been translated, as long as it is clear that the declarant understood the contents of the document he signed." *Id*. (internal quotation marks and citation omitted).

As Plaintiffs point out, Robert Vuzem has not submitted a certified translation of his declaration, stated that he is a certified translator, or even stated that he is fluent in English and thus competent to translate his own declaration. "Absent one of those means of assurance that the declarant understood what he or she was signing, courts may strike the declaration." *Heredia*, 2020 WL 3961618, at *4; *see also Suchite v. ABM Aviation, Inc.*, No. 24CV3-LL-SBC, 2024 WL 3498498, at *2 (S.D. Cal. July 22, 2024) ("[W]itness testimony translated from a foreign language must be properly authenticated and any interpretation must be shown to be an accurate translation done by a competent translator.") (internal quotation marks and citation omitted). Accordingly, the Court finds Robert Vuzem's declaration to be inadmissible. Robert Vuzem's translations of the Slovenian documents attached to his declaration likewise are inadmissible, as foreign language documents are admissible only if translated by a certified interpreter. *See The Sunrider Corp. v. Bountiful Biotech Corp.*, No. SACV 08-1339, 2010 WL 4590766, at *16 (C.D. Cal. Oct. 8, 2010), *report and recommendation adopted*, No. SACV 08-1339, 2010 WL 4589156 (C.D. Cal. Nov. 3,

2010) (Chinese-to-English translations were inadmissible in the absence of proof of competent translation).

In *Heredia*, the district court acknowledged that some courts have accepted English-language declarations from non-English speaking signatories despite "technical improprieties." *Heredia*, 2020 WL 3961618, at *4 (citing *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 119 (S.D.N.Y. 2011)). The *Heredia* court nonetheless "decline[d] to look past the improprieties" in connection with the summary judgment motion before it, observing that on summary judgment the admissibility of evidence is of particular concern. *Id.* The admissibility of evidence is of equal concern where a party seeks relief from judgment under Rule 60(b). *See Winding v. Wells Fargo Bank*, No. 1:11-CV-00555-AWI, 2012 WL 603217, at *9 (E.D. Cal. Feb. 23, 2012), *report and recommendation adopted*, No. 1:11-CV-00555-AWI, 2012 WL 4468430 (E.D. Cal. Sept. 26, 2012), *aff'd sub nom. Winding v. Wells Fargo Bank, NA*, 706 F. App'x 918 (9th Cir. 2017) ("Evidence submitted in support of a Rule 60(b) motion for relief from judgment must be credible and admissible.").

Even those courts that have glossed over technical irregularities in the translation of evidence have done so only when there is some objective assurance that the translation is accurate. *See, e.g., Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 118 (S.D.N.Y. 2011). In *Espinoza*, two Spanish-speaking individuals signed affidavits written in English. *See id.* After an objection was raised, certified Spanish translations of the affidavits were provided to the Court by an independent professional translator. *See id.* The Spanish translations were accompanied by Certificates of Accuracy. *See id.* Under those circumstances, the district court declined to strike the disputed affidavits. *See id.* at 119. The present case does not offer similar assurances of accuracy. The English-language declaration and translations are offered by Robert Vuzem, an interested party. Unlike in *Espinoza*, no certified translations have been offered.

Plaintiffs' objection to Robert Vuzem's declaration and the exhibits attached thereto is SUSTAINED.

Even if Robert Vuzem's declaration and attached exhibits were admissible (and they are not), that evidence would be insufficient to satisfy Movant's burden to show by "strong and

8

convincing evidence" that they were not served pursuant to the Hague Convention. Much of Robert Vuzem's short declaration is devoted to matters that are irrelevant to the issue of service, such as asserted infirmities in Plaintiffs' substantive claims. *See* Robert Vuzem Decl. ¶¶ 6-8. Service of process is addressed only in Paragraphs 2 and 3 of the declaration, set forth in full below:

> 3. On August 23, 2024, a Slovenian court recognized the U.S. default judgment against me, which I was notified of on August 27, 2024. This was the first time I became aware of the judgment.
>
> 4. I did not receive proper notice of the lawsuit or the default judgment in accordance with the Hague Convention or U.S. due process standards. Service of the legal documents was incomplete, as they were left in a mailbox without a signature or acknowledgment.

*Id.* ¶¶ 3-4.

As an initial matter, those statements relate only to Robert Vuzem and thus have no bearing on the adequacy of service of process on Ivan Vuzem. Even as to Robert Vuzem, the statements fall far short of proving lack of service. The statement in Paragraph 3 that Robert Vuzem first became aware of *the default judgment* in August 2024 says nothing about the relevant question of when he was served with and became aware of *the lawsuit*. *See Internet Sols. for Bus. Inc.*, 509 F.3d at 1166 n.6 ("Whether or not Shaw had notice *of the default judgment* is irrelevant. Under the rule we have adopted, we look at whether the defaulting defendant had notice that *suit had been filed*."). The statement in Paragraph 4 that Robert Vuzem "did not receive proper notice" of suit is entirely conclusory. The statement that "[s]ervice of the legal documents was incomplete" because "they were left in a mailbox" is not sufficiently specific as to which documents are referenced. As discussed above, numerous "legal documents" were mailed to Robert Vuzem. The question is whether the summons and complaint were served in compliance with the Hague Convention, as certified by the Ministry of Justice of the Republic of Slovenia. Robert Vuzem's vague statement does not constitute "strong and convincing evidence" to the contrary. *See Internet Sols. for Bus. Inc.*, 509 F.3d at 1167 (affirming district court's denial of motion to set aside default judgment based on defendant's own declaration denying receipt of the summons).

9

**C.     Conclusion**

The motion to set aside the default judgment is DENIED as to Defendants ISM Vuzem d.o.o. and HRID-Mont d.o.o. on the ground that they are not represented by licensed counsel as required for business entities appearing before this Court.

The motion is DENIED as to Defendants Robert Vuzem and Ivan Vuzem on the ground that lack of service of process is the only "extraordinary circumstance" asserted in the motion that potentially could give rise to relief from the default judgment under Rule 60(b)(6), and Movants failed to meet their burden to show that they were not properly served with process under the Hague Convention.

**IV.    ORDER**

(1)     The motion to set aside the default judgment is DENIED.

(2)     This order terminates ECF 77.

Dated: January 29, 2025

_____
BETH LABSON FREEMAN
United States District Judge